**STATE of Iowa, Plaintiff–Appellee,**

v.

**Larry Elden EDMAN,
Defendant–Appellant.**

**Larry Elden EDMAN,
Applicant–Appellant,**

v.

**STATE of Iowa, Resister–Appellee.**

No. 87–1782.

Court of Appeals of Iowa.

May 23, 1989.

William L. Wegman, State Public Defender, and James F. Whalen, Asst. Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Sarah J. Coats, Asst. Atty. Gen., for plaintiff-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

Larry Elden Edman was charged with operating while intoxicated, in violation of Iowa Code section 321.281 (1979) on October 2, 1979. Edman did not appear personally for arraignment, but was represented by counsel, who entered a plea of not guilty for Edman, and waived speedy trial. Subsequently, on the date set for trial, Edman failed to appear, and did not communicate with his attorney. A bench warrant was issued for his arrest. Edman had moved to Colorado, where he remained for approximately two years. He did not contact his attorney, and there was no contact between him and the law enforcement authorities of Iowa during the time he remained in Colorado. Ultimately he returned to Iowa and was arrested on the bench warrant. He appeared in court with counsel and entered a plea of guilty. He waived time for sentencing and was sentenced the same day.

On July 25, 1987, Edman was arrested and charged with third offense OWI and driving while barred. His attorney, in order to reduce the third offense, filed certain motions attacking the 1982 conviction.[1] Those motions were set for hearing and were overruled by the court. Edman filed an application for postconviction relief. Appeal was taken from the rulings on the motions, but now he concedes that the court was correct in ruling that the motions were untimely. This appeal addresses only Edman's claim that the court was in error in dismissing his application for postconviction relief. We affirm.

Edman's application for postconviction relief challenged the 1982 conviction on grounds that he was denied effective assistance of counsel and he was not advised that he had a right to file a motion in arrest of judgment. He claims that his counsel was deficient in failing to move to dismiss the 1979 charge on grounds that it had not been tried within one year from the date of arraignment, as prescribed by Iowa Rule of Criminal Procedure 27(2)(c).

In response to Edman's application for postconviction relief, the State filed a motion to dismiss, alleging that the action was barred by the statute of limitations set out in Iowa Code section 663A.3, requiring all applications to be filed within three years of the date the conviction or the appeal thereon becomes final. Following a hearing on the postconviction application, at which time the motion to dismiss was also submitted, the court sustained the State's motion to dismiss, ruling that the action was barred by the statute of limitations. Edman has appealed that ruling. We affirm.

The only issue before us on this appeal is whether the statute of limitations provided by Iowa Code section 663A.3 is constitutional as applied to this case. Edman argues that the statute of limitations denies him of due process as applied to his postconviction challenge to a prior conviction being used to enhance punishment in a pending criminal prosecution. He argues in the alternative that ineffective assistance of counsel constituted a ground of fact or law that could not have been presented within the three-year limitation period provided by section 663A.3.

The Iowa Supreme Court has not passed directly upon this question. In the case of *Brewer v. Iowa District Court For Pottawattamie County*, 395 N.W.2d 841 (Iowa 1986), the court addressed the issue of the validity of the statute of limitations contained in Iowa Code section 663A.3, as it pertained to two convictions that were far beyond the three-year limit of the statute. As stated therein, prior to July 1, 1984, an application for postconviction relief could be filed "at any time." On July 1, 1984, an amendment to 663A.3 became effective, and provided:

> An application must be filed within three years from the date the conviction or decision is final or, in the event of an

---

1. According to records submitted in another appeal to this court, *see Edman v. State*, No. 9–10, Edman was convicted of OWI at least three times prior to his July 25, 1987, charge. *See*

*Edman v. State*, No. 9–10, App. at pp. 10–11 (OWI convictions, May 24, 1982; June 27, 1984; and January 7, 1985).

appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Respecting the general rule concerning the validity of statutes of limitations, the court in *Brewer*, stated:

We recognized in *Swanson v. Pontralo*, 238 Iowa 693, 698, 27 N.W.2d 21, 24 (1947), that a statute which "merely cut[s] off a remedy, after a lapse of time, within which time, the claimant ... was free to assert the remedy ... does not offend against due process *if the statute grants a reasonable time within which process can be had*." (Emphasis in original).

The court further quoted with approval the following statements found in 16 C.J.S. *Constitutional Law* § 615, at 1237:

While limitations must comply with the requirements of due process of law, and while a statute of limitations which attempts to bar a debt or other claim without giving a reasonable time within which the right may be preserved is violative of the due process clause, nevertheless statutes of limitation do not necessarily operate to deprive a person of property without due process, even though enacted subsequently to the arising of the claim.

*Brewer*, 395 N.W.2d at 843. In *Brewer* the court held:

[W]e hold that all potential postconviction applicants whose convictions became final prior to July 1, 1984, must file their applications for postconviction relief on or before June 30, 1987, or be barred from relief. This approach will not unduly frustrate the purposes of the 1984 amendment and will give fair notice to all concerned of that which is required of them.

*Id.* at 844. In a footnote to that holding, the court observed:

This will not preclude consideration of those claims or postconviction relief which are embraced within the proviso of section 663A.3 that "this limitation does not apply to a ground of fact or law that

could not have been raised within the applicable time period."

*Id.* at 844, n. 1.

■ The application for postconviction relief was filed in this case on the 10th day of December 1987. His conviction was final on May 24, 1982. The effective date of the amendment to Iowa Code section 663A.3 was July 1, 1984. The date to which the supreme court extended the time for filing applications for postconviction relief on convictions antedating July 1, 1984 was July 1, 1987. Edman's application is not timely under the statute as interpreted by the supreme court. Unless Edman has shown that his case comes within the exception contained in the statute (that there is a ground of fact or law that could not have been raised within the applicable time period), his application for postconviction relief is barred by the statute of limitations.

Counsel have directed us to no authority concerning the meaning of the phrase: "a ground of fact or law that could not have been raised within the applicable time period." We are therefore required to interpret the meaning of that provision of the statute, bearing in mind the legislature's intent in adding it to the amended statute.

The canons of statutory construction are well settled:

In considering legislative enactments we should avoid strained, impractical or absurd results.

Ordinarily, the usual and ordinary meaning is to be given the language used but the manifest intent of the legislature will prevail over the literal import of the words used.

Where language is clear and plain, there is no room for construction.

We should look to the object to be accomplished and the evils and mischiefs sought to be remedied in reaching a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it.

All parts of the enactment should be considered together and undue impor-

tance should not be given to any single or isolated portion.

\* \* \* \* \* \*

We examine "both the language used and the purpose for which the legislation was enacted."

"In seeking the meaning of a law, the entire act should be considered. Each section must be construed with the act as a whole and all parts of the act considered, compared and construed together."

Additionally, "the subject matter, effect, consequence and the reason and spirit of the statute must be considered as well as words, in interpreting and construing it."

Finally, "a statute should be given a sensible, practical, workable and logical construction."

*Wollenzien v. Board of Education of Manson*, 297 N.W.2d 215, 217 (Iowa 1980) (citations omitted).

The important phrase of Iowa Code section 663A.3, which is in need of construction for this case, is that set out above: "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period."

■ It is rather clear that the legislative intent in amending section 663A.3 was to limit postconviction litigation in order to conserve judicial resources, promote substantive goals of the criminal law, foster rehabilitation, and restore a sense of repose in our system of justice. Note, *Relieving the Habeas Corpus Burden: A Jurisdictional Remedy*, 63 Iowa L.Rev. 392, 411 (1977). To this end, the legislature adopted a three-year statute of limitations on postconviction relief actions. However, it provided an exception where it is obvious that there would be no opportunity to test the validity of the conviction in the two cases mentioned. A ground of fact would present itself, if, for example, newly-discovered evidence became known, and it appeared that it was of the type that would be relevant and which would likely change the result of the case. While the grant of new trials on the basis of newly-discovered evidence is rare, it is important that when

it is discovered we be satisfied that a true injustice has been perpetrated. In that case, a review of the evidence including the newly discovered facts would be most important. In the case of a ground of law, it would be necessary to allow for a review of a conviction if there has been a change in the law that would effect the validity of the conviction. Under those circumstances, it would be essential that the statute of limitations not bar the case.

■ Under the record of Edman's case, there is no allegation that there is evidence from which it could be found that Edman was innocent of the charge to which he ultimately pleaded guilty. Indeed, he does not claim he was not guilty. He merely seeks to have the conviction reversed on the basis of a procedural error made by his attorney, whether it would have been effective or not. Neither does Edman claim that the law has changed, or that rule 27(2)(c) was adopted since his conviction, to make it reasonable to reconsider his conviction under that rule. In fact, that rule became effective January 1, 1978. Acts of 1976, ch. 1245, § 1301.

■ Edman claims that he was unable to bring the claim until he did because he did not know about the statute until then, and that such lack of knowledge was because of ineffective assistance of counsel in 1982. Suffice it to say that his claimed lack of knowledge is not provided as a ground for exception from the effects of the statute of limitations. While we do not have the merits of his claim of ineffective assistance of counsel before us, we are constrained to feel in a similar mood to that expressed by the 8th Circuit Court of Appeals, in a footnote to its decision in *Feeney v. Auger*, 808 F.2d 1279, 1283, n. 5 (8th Cir.1986), where it stated:

We think the administration of justice would be greatly improved if we were permitted to cut the Gordian knot and dismiss on their merits frivolous or clearly insubstantial habeas petitions, without going through the procedural gyrations of which this opinion is another unfortunate example.

The district court was correct in its ruling that this case was subject to the statute of limitations of Iowa Code section 663A.3, and in sustaining the State's motion to dismiss. We hold that Edman's claim is not exempted by the exclusions of that statute, and that as to his claim, it is barred by the statute of limitations as construed by the Iowa Supreme Court in *Brewer*.

AFFIRMED.