# IN THE COURT OF APPEALS OF IOWA

No. 13-1629
Filed January 28, 2015

**RONALD EUGENE HOLDSWORTH,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Boone County, Steven J. Oeth, Judge.

Ronald Holdsworth appeals from the summary dismissal of his application for postconvicton relief. **AFFIRMED.**

Douglas Cook, of Cook Law Office, Jewell, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, and Daniel J. Kolacia, County Attorney, for appellee State.

Considered by Vogel, P.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Ronald Holdsworth filed an application for postconvicton relief (PCR) more than three years after he was convicted of second-degree sexual abuse. The district court granted summary dismissal in favor of the State, finding the action was barred by Iowa Code section 822.3 (2013). On appeal, Holdsworth alleges the court erred in dismissing his application because trial counsel's ineffectiveness prevented him from discovering the alleged error within three years of his conviction.

The crux of Holdsworth's PCR claim is that he pled guilty with the belief he would be eligible for parole after serving seventy percent of his sentence and later discovered that Iowa Department of Correction's (DOC) policies would prevent him from being paroled until his sentence is close to discharge. On this basis, he argues trial counsel was ineffective in failing to advise him of the consequences of pleading guilty—i.e., that by operation of the DOC's policies, he will serve more than seventy percent of his sentence before being eligible for parole. Holdsworth claims the district court erred in dismissing his application under section 822.3 because he did not learn of the DOC's policies and their effect on his sentence until after the limitation period for bringing a PCR action expired.

Iowa Code section 822.3 provides a PCR application must be filed within three years of the date of conviction. An exception exists if a ground of fact or law could not have been raised within the applicable time period. Iowa Code § 822.3. However, the grounds for Holdsworth's PCR action existed within the limitation period, and therefore, the exception provided in section 822.3 is

inapplicable. *See Wilkins v. Wilkins*, 522 N.W.2d 822, 824 (Iowa 1994) (stating the exception provided in section 822.3 is based on claims that "could not" be raised because they were unavailable); *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989) (rejecting a PCR applicant's claim "he was unable to bring the claim until he did because he did not know about the statute until then, and that such lack of knowledge was because of ineffective assistance of [trial] counsel" and noting "lack of knowledge is not provided as a ground for exception from the effects of the statute of limitations"). Because Holdsworth's PCR application was not timely, the district court properly granted summary dismissal. Accordingly, we affirm.

**AFFIRMED.**