# IN THE COURT OF APPEALS OF IOWA

No. 14-0631
Filed May 20, 2015

**JOSEPH HOUSTON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.


        Applicant appeals the district court decision granting summary judgment to the State on his application for postconviction relief based on untimeliness. **AFFIRMED.**


        Jacob Mason of J.L. Mason Law, P.L.L.C., Ankeny, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, John Sarcone, County Attorney, and Jamie Bowers and Dan Voogt, Assistant County Attorneys, for appellee.


        Considered by Bower, P.J., McDonald, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Applicant Joseph Houston appeals the district court decision granting summary judgment to the State on his application for postconviction relief. We conclude the district court properly granted summary judgment to the State based on a finding Houston's application for postconviction relief was untimely under Iowa Code section 822.3 (2013).

**I. Background Facts & Proceedings.**

On February 12, 1999, Houston was convicted of first-degree kidnapping and assault with intent to inflict serious injury. He was sentenced to life in prison on the kidnapping charge and a term of imprisonment not to exceed two years on the assault charge, to be served concurrently. Houston's convictions were affirmed on appeal. *State v. Houston*, No. 99-0491, 2000 WL 702370 (Iowa Ct. App. May 31, 2000). Procedendo in his direct appeal was issued on September 28, 2000.

Houston filed the present postconviction relief (PCR) action on September 19, 2013.[1] He claimed the trial information violated his due process rights because it did not adequately charge him with first-degree kidnapping, and thus, the court did not have subject matter jurisdiction over his criminal prosecution. The State filed a motion for summary judgment, claiming Houston's application was untimely under Iowa Code section 822.3.

After a hearing, the court granted the State's motion for summary judgment. The court found, "the applicant has not raised any ground of fact or law that could not have been raised within the statute of limitations." The court

---

[1] Houston had filed several previous PCR actions.

also found, "even if the trial information was insufficient, this fact would relate only to the court's authority to proceed and not to subject matter jurisdiction. Such alleged insufficiency is not an exception to the statute of limitations on a postconviction relief action." Houston now appeals.

**II. Standard of Review.**

We review postconviction proceedings for the correction of errors at law. *Manning v. State*, 654 N.W.2d 555, 558-59 (Iowa 2002). "This includes summary dismissals of applications for postconviction relief." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

**III. Merits.**

Section 822.3 provides that an application for postconviction relief must be filed within three years after a conviction, or if a case is appealed, within three years from the date the writ of procedendo was issued. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

Houston claims the time limitation in section 822.3 should not apply to his constitutional due process claim. He states the trial information did not adequately inform him of the elements of the charge of first-degree kidnapping and argues he "was denied his opportunity to be fully aware of the nature of the charge against him." He asks for a full hearing on the merits of his due process claims.

There is only one exception to the three-year limitation period in section 822.3, "this limitation does not apply to a ground of fact or law that could not have

been raised within the applicable time period." *See id.*; *see also Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994). The exception applies where there has been no opportunity to test the validity of the conviction due to newly-discovered relevant evidence or when there has been a change of law that would affect the validity of the conviction. *Nguyen v. State*, 829 N.W.2d 183, 188-89 (Iowa 2013); *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989). The exception is for "claims that 'could not' have been previously raised because they were not available." *Wilkins*, 522 N.W.2d at 824.

Houston's present PCR action was clearly filed more than three years after procedendo was issued in his direct appeal on September 28, 2000. This PCR action was filed nearly thirteen years after that date, on September 19, 2013. The action is therefore untimely unless Houston's claims are based upon "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3. Houston, however, does not assert his due process claims could not have been previously raised because they were unavailable. Furthermore, Houston's arguments concerning the validity of the trial information would have been available to him within the three-year period.

We conclude the district court properly granted summary judgment to the State based on a finding Houston's application for postconviction relief was untimely under section 822.3.

**AFFIRMED.**