# IN THE COURT OF APPEALS OF IOWA

No. 14-0923
Filed July 9, 2015

**DARRYL WASHINGTON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Des Moines County, Nancy S. Tabor, Judge.


    An applicant appeals the summary dismissal of his application for postconviction relief. **AFFIRMED.**


    William R. Monroe of the Law Office of William Monroe, Burlington, for appellant.

    Darryl Washington, Fort Madison, appellant pro se.

    Thomas J. Miller, Attorney General, Kevin Cmelik and Bridget A. Chambers, Assistant Attorneys General, Patrick C. Jackson, County Attorney, and Amy Beavers, Assistant County Attorney, for appellee.


    Considered by Vogel, P.J., Mullins, J., and Goodhue, S.J.*  Tabor, J., takes no part.

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MULLINS, J.**

Washington's second postconviction application was summarily dismissed for exceeding the statute of limitations, as mandated by Iowa Code section 822.3 (2011). Washington appeals from the summary dismissal on two theories. First, Washington claims he received ineffective assistance of counsel in his first postconviction-relief case and ineffective assistance of counsel claims do not need to be preserved for review. Second, he claims the trial information he was charged under was defective because it was not specific enough to advise him what provisions of Iowa Code section 707.2 (2005) he was accused of violating. Washington claims because of this flaw, the district court that convicted him lacked subject matter jurisdiction. Washington argues his appeal is not time barred because issues of subject matter jurisdiction can always be raised. The State asserts the postconviction court correctly granted the State's summary dismissal because of the three-year statute of limitations on postconviction relief.

Washington was found guilty of murder in the first degree and sentenced to life in prison without parole in 2006. Washington appealed, and the Iowa Court of Appeals affirmed his conviction and sentence. *State v. Washington*, No. 06-0908, 2007 WL 2710826, at *1 (Iowa Ct. App. Sept. 19, 2007). The Iowa Supreme Court denied further review. Procedendo was issued on November 20, 2007.

Washington filed a pro-se application for postconviction relief, but his petition was denied. Washington appealed, and the appeal was denied. *Washington v. State*, No. 11-0583, 2012 WL 4513867, at *3 (Iowa Ct. App. Oct.

3, 2012). Washington filed this second postconviction-relief application in 2013. The district court dismissed Washington's postconviction application, and Washington filed a pro se Iowa Rule of Civil Procedure 1.904(2) motion, which the court denied. This appeal followed.[1]

An appeal from a denial of an application for postconviction relief, including a summary dismissal, is reviewed for corrections of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). Ineffective-assistance-of-counsel claims are constitutional claims and, as such, are reviewed de novo. *Id.*

A postconviction court may grant a summary disposition "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6 (2011); *see also* Iowa R. Civ. P. 1.981(3).

Applications for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*; *see also State v. Edman*, 444 N.W.2d 103, 105 (Iowa Ct. App. 1989).

---

[1] The State argues this appeal is untimely because it was not filed within thirty days of the district court's summary dismissal. The district court dismissed Washington's application on April 22, 2014, and this appeal was filed on June 3, 2014. Although the appeal was filed within thirty days of the denial of the rule 1.904(2) motion, the State argues Washington's motion did not toll the thirty days because it raised a purely legal issue. We choose to reach the merits of this appeal without deciding whether the appeal is timely.

The Iowa Supreme Court issued procedendo on Washington's direct appeal on November 20, 2007, and therefore, the postconviction-relief statute of limitations expired on November 20, 2010. The current postconviction-relief application was filed February 6, 2013, more than two years after the statute of limitations had expired. Thus, Washington's application is untimely unless it comes within the exception for claims based on "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3. Washington has two arguments as to why the statute of limitations should not apply to him.

First, Washington asserts ineffective-assistance-of-counsel claims are not bound by traditional error-preservation rules and his action should not be barred by the statute of limitations because he is claiming ineffective assistance of counsel. Ineffective assistance of counsel does not excuse a failure to comply with the statute of limitations. *State v. Wilkins*, 522 N.W.2d 822, 824 (Iowa 1994). The court in *Wilkins* adopted the above approach in the interest of promoting the legislative intent of section 822.3, to "conserve judicial resources, promote substantive goals of the criminal law, foster rehabilitation, and restore a sense of repose in our system of justice." *Id.*; *see also Edman*, 444 N.W.2d at 106. Our precedents are clear: a claim of ineffective assistance of counsel will not save Washington from his untimely postconviction-relief application. *See Wilkins*, 522 N.W.2d at 824.

Second, Washington asserts that because his claims involve subject matter jurisdiction, they can be raised at any time. Specifically, Washington

alleges the district court in the criminal trial never had subject matter jurisdiction because the trial information was flawed. Subject matter jurisdiction issues can be raised at any time. *Christie v. Rolscreen Co.*, 488 N.W.2d 447, 450 (Iowa 1989).

Subject matter jurisdiction is the power of a court "to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention." *State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993). In *State v. Ambrose*, the defendant argued the trial court lacked subject matter jurisdiction because of a defect in the trial information. 861 N.W.2d 550, 561 (Iowa 2015). Our supreme court ruled the trial court did have subject matter jurisdiction because the trial information adequately described the proceeding as a criminal case, a general class of cases over which the district court has jurisdiction. *Id.* The court characterized Ambrose's failure to challenge any deficiency or uncertainty in the charges prior to trial as an implicit acknowledgment of the criminal nature of the proceeding and the charges against him. *Id.* Because Ambrose acknowledged his case was a criminal case, he acknowledged the district court had subject matter jurisdiction over this case. *Id.* Here, Washington did not challenge the charges before trial and implicitly acknowledged the district court's subject matter jurisdiction over his case. We conclude the district court was not lacking subject matter jurisdiction in Washington's case.

The district court properly granted summary dismissal to the State because Washington filed his claim beyond the three-year statute of limitations

for postconviction-relief claims, and the exception to the statute of limitation does not apply.

**AFFIRMED.**