**IN THE COURT OF APPEALS OF IOWA**

No. 14-0409
Filed July 22, 2015

**DANIEL FREDERICK KING II,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill,

Judge.

Daniel King appeals from the denial of his second application for

postconviction relief. **AFFIRMED.**

Cory J. Goldensoph, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant

Attorney General, Jerry Vander Sanden, County Attorney, and Robert A. Hruska,

Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

Daniel King appeals from the district court's denial of his second application for postconviction relief (PCR). The district court ruled King's application was time-barred. We affirm.

In July 2005, a jury found King guilty of sexual abuse in the third degree, in violation of Iowa Code section 709.4(2)(c)(4) (2003). He appealed, but his appeal was later dismissed. King filed his first PCR action in December 2006, alleging his counsel was ineffective in several respects. After a hearing on the application, the district court denied King's application. King appealed, and this court affirmed the denial. *King v. State*, No. 08-0430, 2009 WL 1218996, at *1 (Iowa Ct. App. May 6, 2009). On further review, the supreme court affirmed the district court's denial of King's application. *King v. State*, 797 N.W.2d 565, 576-77 (Iowa 2011). King filed his second PCR application in March 2012, alleging, among other things, his trial counsel and PCR counsel were ineffective. After a hearing on the application, the district court ruled King's application was time-barred by Iowa Code section 822.3 (2011), but even if the application had been timely, King's claims failed on their merits. King now appeals.[1]

An appeal from a denial of an application for postconviction relief is reviewed for corrections of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). Ineffective-assistance-of-counsel claims are constitutional claims and, as such, are reviewed de novo. *Id.*

---

[1] On appeal, King claims his original trial counsel, his first PCR counsel, and his second PCR counsel were all ineffective.

Applications for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*; *see also State v. Edman*, 444 N.W.2d 103, 105 (Iowa Ct. App. 1989).

The Iowa Supreme Court issued procedendo on King's direct appeal on November 17, 2006, and therefore, the postconviction-relief statute of limitations expired on November 17, 2009. The current PCR application was filed March 2, 2012, more than two years after the statute of limitations had expired. Thus, King's application is untimely unless it comes within the exception for claims based on "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3.

King asserts ineffective-assistance-of-counsel claims are not bound by traditional error-preservation rules and his action should not be barred by the statute of limitations because he is claiming ineffective assistance of counsel. Ineffective assistance of counsel does not excuse a failure to comply with the statute of limitations. *State v. Wilkins*, 522 N.W.2d 822, 824 (Iowa 1994). The court in *Wilkins* adopted the above approach in the interest of promoting the legislative intent of section 822.3—to "conserve judicial resources, promote substantive goals of the criminal law, foster rehabilitation, and restore a sense of repose in our system of justice." *Id.*; *see also Edman*, 444 N.W.2d at 106. Our precedents are clear: a claim of ineffective assistance of counsel will not save King from his untimely PCR application. *See Wilkins*, 522 N.W.2d at 824; *see*

*also Dible v. State*, 557 N.W.2d 881, 883-84 (Iowa 1996) (holding ineffective assistance of counsel in a first PCR action does not constitute a "ground of fact" exception to the section 882.3 three-year statute of limitations), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003).

King asks us to overrule *Wilkins*. As an intermediate appellate court, we have no such power. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

The district court properly denied King's PCR application because King filed his application beyond the three-year statute of limitations for PCR claims and the exception to the statute of limitations does not apply. We therefore affirm the district court's denial of King's second PCR application.

**AFFIRMED.**