# IN THE COURT OF APPEALS OF IOWA

No. 14-0998
Filed September 10, 2015

**BERTRUM BURKETT,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Richard G. Blane II,

Judge.

        An applicant appeals the summary dismissal of his application for

postconviction relief. **AFFIRMED.**

        Nathan A. Mundy of Carney & Appleby, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney

General, John P. Sarcone, County Attorney, and Celene Gogerty, Assistant

County Attorney, for appellee State.

        Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, P.J.**

Generally, an application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2013). There is an exception for "a ground of fact or law that could not have been raised within the applicable time period." *Id.*

Bertrum Burkett filed a postconviction-relief application twenty-nine years after his appeal from his conviction and sentence for first-degree murder became final. *See State v. Burkett*, 357 N.W.2d 632 (Iowa 1984). To circumvent the time-bar, he argued a 2006 opinion, *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), changed the substantive law applicable to his case and a 2013 opinion, *Nguyen v. State*, 829 N.W.2d 183 (Iowa 2013), authorized retroactive application of *Heemstra*. In his view, *Nguyen* stated a "ground of law that could not have been raised within the applicable time period." Iowa Code § 822.3. Burkett filed his application shortly after *Nguyen* was decided.

The district court granted the State's motion for summary disposition. The court concluded Burkett could not avail himself of the "ground of law" exception to the three-year time bar and his application was untimely. This appeal followed.

### I.    *Heemstra and Nguyen*

In *Heemstra* the defendant challenged a jury instruction allowing the State to prove first-degree murder either by establishing premeditation or by establishing "[t]he defendant was participating in [w]illful [i]njury." 721 N.W.2d at 552-53. With respect to the second alternative, the court held "if the act causing

willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." *Id.* at 558. The court overruled precedent reaching a contrary conclusion and stated:

> The rule of law announced in this case regarding the use of willful injury as a predicate felony for felony-murder purposes shall be applicable only to the present case and those cases not finally resolved on direct appeal in which the issue has been raised in the district court.

*Id.* Because the court did not know whether the jury found guilt under the felony murder instruction or under the premeditated murder instruction, the court reversed Heemstra's conviction and remanded the case for a new trial. *Id.* at 559.

In *Nguyen* the court considered a postconviction-relief application filed "more than three years after procedendo had issued on his original direct appeal, but less than three years after *Heemstra*." 829 N.W.2d at 186. Nguyen argued the *Heemstra* holding amounted to "a ground of . . . law that could not have been raised within the applicable time period." *Id.* at 186-87. The district court concluded "the line of cases" leading up to *Heemstra* would have alerted counsel to the argument. *Id.* at 186. The Iowa Supreme Court disagreed, stating:

> [A] ground of law that had been clearly and repeatedly rejected by controlling precedent from the court with final decision-making authority is one that "could not have been raised" as that phrase is used in section 822.3. . . . [S]ection 822.3 must incorporate the notion that there had to be a possibility of success on the claim. It must envision a category of legal claims that were viewed as fruitless at the time but became meritorious later on. We believe a claim that Nguyen's felony-murder instruction was improper falls into this category.

*Id.* at 188. The court reversed the district court's summary dismissal of Nguyen's postconviction-relief application and remanded the case "for further proceedings on whether retroactive application of *Heemstra* is required by the equal protection, due process, and separation of powers clauses of the Iowa Constitution, or the Equal Protection Clause of the United States Constitution." *Id.* at 189.

### II.        *Implied Time Bar on Raising "Ground of Law" Exception*

As noted at the outset, Iowa Code section 822.3 imposes a three-year time bar unless the applicant raises "a ground of . . . law that could not have been raised within the applicable time period." The statute says nothing about a deadline for raising the "ground of law" exception.

The Iowa Supreme Court broached this issue in *Nguyen* but did not explicitly resolve it. As noted, the court made reference to the fact Nguyen filed his application within three years of the change of law announced in *Heemstra*. *Id.* at 186 ("Nguyen applied again for postconviction relief on April 2, 2009, more than three years after procedendo had issued on his original direct appeal, but less than three years after *Heemstra*."). The implication, then, is that the "ground of law" exception premised on *Heemstra* could be raised only within three years of the filing of *Heemstra*.

This court held just that in *Thompson v. State*, No. 14-0138, 2015 WL 1332352, at *1 (Iowa Ct. App. Mar. 25, 2015); *see also* 4A B. John Burns, *Iowa Practice Series, Criminal Procedure* § 33:3, at 637-38 n.12 (2015 ed.) (citing *Heemstra* and *Nguyen* for proposition that "[u]nder some circumstances, an otherwise time-barred petition may be filed *within three years of an appellate*

*decision* creating a substantial right that represents a clear break in the law that could not have been anticipated at the time the defendant's case was pending" (emphasis added)). Faced with a postconviction-relief application raising a *Heemstra* challenge but filed well after Thompson's direct appeal became final *and* more than three years after *Heemstra,* we read *Nguyen* as "implicit[ly]" imposing "the requirement that the postconviction-relief application asserting such a claim be filed within three years of the *Heemstra* decision." *Thompson*, 2015 WL 1332352, at *1. Because Thompson did not file his application within this time-frame*,* we affirmed the district court's summary dismissal of the application as time-barred. *Id.*

This implicit three-year limitation on raising the ground-of-law exception makes sense. In part, the purpose of section 822.3 is to "restore a sense of repose in our criminal judicial system." *Cornell v. State*, 529 N.W.2d 606, 610-11 (Iowa Ct. App. 1994). The purpose of "the escape clause of section 822.3 is to provide relief from the limitation period when an applicant had 'no opportunity' to assert the claim before the limitation period expired." *Id.* at 611. These purposes would be frustrated if an applicant had an unlimited amount of time to raise the "ground of law" exception. *Nguyen* suggests an applicant should have to raise a change in the law within a reasonable period after the change is announced and the opinion implies the reasonable period is three years.

Burkett essentially concedes the applicability of this implied limitation period. He acknowledges his application was filed more than three years after *Heemstra* but argues, just as *Heemstra* changed the law, so did *Nguyen*,

triggering a new implied limitation period. Specifically, he asserts until *Nguyen*, he "had no reason to anticipate that *Heemstra* would be applied retroactively."

Contrary to Burkett's assertion, *Nguyen* did not hold *Heemstra* could be applied retroactively. *Nguyen* simply held *Heemstra* was a "ground of law that could not have been raised within the applicable time period" under section 822.3. This principle of allowing review of a conviction where there has been a change in the law affecting the validity of a conviction was recognized decades ago in *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989). *Nguyen* did not change the landscape.

We acknowledge similar terminology is used in applying a retroactivity analysis and the "ground of law" exception contained in section 822.3. *See Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012). But, as the court explained in *Perez,* the concepts of retroactivity and the "ground of law" exception are distinct. *Id.* at 360-61. One allows for retroactive application of an opinion which did not change the law and the other allows for circumvention of the three-year time bar if an opinion changed the law. *Id.* at 360 (noting it would be contradictory to argue an opinion was merely an application of preexisting law for retroactivity purposes but a change in law for purposes of the "ground of law" exception).

*Nguyen* left intact *Heemstra*'s limited application of its holding "to the present case and those cases not finally resolved on direct appeal in which the issue has been raised in the district court." The court only remanded the case to the district court to consider whether certain constitutional provisions required retroactive application of *Heemstra*.

Because *Nguyen* did not announce a change in the law, we conclude Burkett's attempt to avail himself of an implied limitation period to raise a "ground of law" exception to the statutory time-bar, beginning on the date *Nguyen* was decided, necessarily fails. Burkett's postconviction-relief application was time-barred, and the district court did not err in dismissing it.[1]

**AFFIRMED.**

---

[1] Even if Burkett could avail himself of the ground-of-law exception, we have repeatedly rejected equal protection challenges to the prospective-only application of *Heemstra*. *Langdeaux v. State*, No. 10–1625, 2012 WL 1439077, at *6-7 (Iowa Ct. App. Apr. 25, 2012); *Dixon v. State*, No. 10–1691, 2011 WL 5867929, at *2–3 (Iowa Ct. App. Nov. 23, 2011); *Herrarte v. State*, No. 08-1295, 2011 WL 768763, at *2 (Iowa Ct. App. Mar. 7, 2011). We find those opinions persuasive. *See also Goosman v. State*, 764 N.W.2d 539, 544-45 (Iowa 2009) (rejecting defendant's federal due process challenge).