# IN THE COURT OF APPEALS OF IOWA

No. 16-0161
Filed April 19, 2017

**ROBERT JACKSON WHITE,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink,

Judge.

Robert Jackson White appeals the court's grant of the State's motion for

summary judgment on his postconviction-relief application. **AFFIRMED.**

Matthew C. Moore of Law Offices of Matthew C. Moore, Chariton, for

appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

In 2009, Robert Jackson White was convicted of possession with intent to deliver as an habitual offender following a jury trial. His conviction was upheld on appeal. *See State v. White*, No. 09-1463, 2011 WL 227587, at *5 (Iowa Ct. App. Jan. 20, 2011).[1] In October 2015, White filed a postconviction-relief (PCR) application. The State filed a motion for summary judgment, contending White's application was time barred under Iowa Code section 822.3 (2015) (providing all PCR actions "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued"). Following a hearing on the motion, the PCR court granted the State's motion and dismissed White's claims. On appeal, White pursues only one of the claims he asserted below—that *State v. Gaskins*, 866 N.W.2d 1 (Iowa 2015) (addressing the search-incident-to-arrest exception to the warrant requirement), constitutes new law and creates a genuine issue of material fact for trial on his PCR application.[2] Our review is for correction of errors of law. *See Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003).

White concedes his application is outside of the three-year window provided by section 822.3. He argues, however, the statute of limitations does not apply because the Iowa Supreme Court's holding in *Gaskins* constitutes "a

---

[1] White claimed the district court erred in denying his motion to suppress evidence obtained during the search of his vehicle and home, contending probable cause was lacking because the search warrant contained false information; the district court erred in instructing the jury on the definition of reasonable doubt; and the district court erred in overruling his motion in limine to exclude a State's witness's testimony about that witness's prior delivery of drugs to White. *See id.* at *2-4.

[2] White claims the search of his vehicle was illegal under *Gaskins* and led to the illegal seizure of items from his home, and that, without this evidence, the State would have had no case against him.

ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. As to this claim, the PCR court ruled:

> [White] also claims that *State v. Gaskins* is new law and therefore an exception to the statute of limitations as well. However, *Gaskins* specifically dealt with a search incident to arrest. A review of [White]'s criminal case indicates that the automobile exception to the warrant requirement for search and seizures would apply. *Gaskins* does not provide an exception to the statute of limitations.

White contends *Gaskins* substantially altered the landscape of the law under the Iowa Constitution with regard to searches incident to arrest. Even assuming we agree with White's contention, *see Dixon v. State*, No. 16-0329, 2017 WL 1278294, at *2 (Iowa Ct. App. Apr. 5, 2017) (noting *Gaskins* "overruled extant precedent"); *see also Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013) (finding the exception applies where a ground of law "had been clearly and repeatedly rejected by controlling precedent from the court with final decision-making authority" and thus "could not have been raised" as the claim had no "possibility of success" and was "viewed as fruitless at the time but became meritorious later" as a result of the change in law (citation omitted)), White must still show the new ground of law "would [a]ffect the validity of the conviction," *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989); *see also Dixon v. State*, No. 12-0499, 2013 WL 3291837, at *2-3 (Iowa Ct. App. June 26, 2013).

In his appeal, White simply contends a genuine issue of material fact exists as to whether *Gaskins* applies or could be applied to his case. But White has not identified a genuine issue of material fact regarding the applicability of the automobile exception or even argued that it does not apply. Instead, White asserts a special concurrence written in *Gaskin* supports that the majority's ruling

in *Gaskin* might apply not only to searches incident to arrest but also to the automobile exception. *See Gaskins*, 866 N.W.2d at 35-38 (Appel, J., concurring). Despite this concurrence, the automobile exception remains good law, and "[w]e are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). As a result, White has failed to "show[] a nexus between his conviction and the [purported] change in law, such that it would affect the validity of his conviction." *Dixon*, 2013 WL 3291837, at *3.

**AFFIRMED.**