# IN THE COURT OF APPEALS OF IOWA

No. 20-1118
Filed November 23, 2021

**DONALD ANTONIO VAUGHN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, David Nelmark, Judge.

Donald Antonio Vaughn appeals the summary dismissal of his fourth application for postconviction relief. **AFFIRMED.**

R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

Donald Antonio Vaughn appeals the summary dismissal of his fourth application for postconviction relief (PCR). Finding no error, we affirm.

In 2006, Vaughn was convicted of murdering Matthew Glover. *Vaughn v. State*, No. 11-0147, 2013 WL 5743668, at *1–2 (Iowa Ct. App. Oct. 23, 2013). Over Vaughn's pro se objections, his direct appeal was dismissed by our supreme court as frivolous. *Id.* at *2. Procedendo issued on December 24, 2008.

In 2009, Vaughn filed his first PCR application, raising eight claims of ineffective assistance of trial and appellate counsel and four other claims. *See id.* The district court rejected all claims and dismissed his PCR application; we affirmed. *Id.* at *5–9. Procedendo issued on November 21, 2013.

Vaughn filed a second PCR application on May 26, 2015, which he later voluntarily dismissed.

Vaughn filed his third PCR application on May 6, 2019, asserting trial, appellate, and PCR counsel were ineffective. The State moved for summary judgment, asserting the application was barred by the three-year limitation period in Iowa Code section 822.3 (2019). On April 3, 2020, the district court dismissed the application, noting Vaughn was not asserting a ground of law or fact that could not have been discovered within the limitation period and could not avoid the statutory bar under the exception announced in *Allison v. State*.[1] We affirmed the

---

[1] The *Allison* court determined that in order to relate back to an earlier PCR application to avoid the time limitation of section 822.3, a PCR applicant must (1) file the initial PCR application within three years of final conviction, (2) file a second PCR application that alleges first PCR counsel was ineffective in presenting ineffective-assistance-of-trial-counsel claims, and (3) file the second

court's determination the application did not avoid the three-year bar. *See Vaughn v. State*, No. 20-0713, 2021 WL 5106455, at *2 (Iowa Ct. App. Nov. 3, 2021).

On April 17, 2020, Vaughn filed this fourth PCR application, alleging "(1) Freestanding claim of actual innocence, (2) New evidence, (3) New expert testimony, (4) Ineffective assistance of postconviction relief counsel." He attached a March 14, 2020 report of Wayne N. Hill Sr. of Firearms/Self Defense Consultants. Hill's report concluded:

> Having given careful and extensive study and consideration of the physical evidence and State's experts observations and findings it is this Examiner's professional opinion that the totality of evidence is NOT CONSISTENT with a theory that the deceased was seated inside a motor vehicle and was therein shot to death by another individual who was also seated with that same vehicle.
>
> IT IS this Examiner's professional opinion that the totality of Evidence is CONSISTENT with a theory that the deceased was standing in the location/spot where his deceased body was found; that the deceased was standing in this spot facing the Shooter who was also standing in this corn field, when the shooter commenced shooting the Deceased, who reflexively flinched, bending at the waist and rotating his torso defensively, until two bullets penetrated the deceased head/brain, instantly stopping all voluntary motor muscle movement and killing the deceased. Since the deceased was turning at the moment of loss of muscle control, his ankles crossed each other as he collapsed to the ground.

The State moved to dismiss, recognizing actual-innocence claims may be made through a PCR application but are subject to the statute of limitations.[2] The State asserted because Vaughn could not show a ground of fact he could not have raised within the applicable three-year period, his application was time-barred. Vaughn resisted, asserting his "newly discovered evidence" was Hill's opinion,

---

PCR action "promptly" after the conclusion of the first. 914 N.W.2d 866, 891 (Iowa 2018).

[2] *See Dewberry v. State*, 941 N.W.2d 1, 5 (Iowa 2019) (setting out the hurdles to and requirements for a PCR applicant to bring an actual innocence claim).

which "shows that [the State's primary witness] Martinez's testimony is not consistent with the physical evidence."[3] The district court concluded:

> Although Mr. Hill's report itself was created recently, it is based on the evidence used at or at least available for at the original trial in 2006. In short, the report is a new analysis of old evidence. If such a report were considered new evidence for the purpose of Iowa Code [section] 822.3, the three-year statute of limitations would be without meaning. Additionally, the standard is not simply whether new evidence is discovered. It is whether there is new evidence that could not have been previously raised.
>
> Mr. Vaughn expressed at the hearing that Iowa Code [section] 822.3 should be repealed. Any such act must be done by the Iowa Legislature rather than this court. Based on the law as it stands, the court must dismiss the application.

Vaughn appeals, contending the district court employed a hyper-technical definition of newly discovered evidence.

We generally review a grant of a motion to dismiss a PCR application for correction of errors at law. *Allison*, 914 N.W.2d at 870. "A motion to dismiss should only be granted if the allegations in the petition, taken as true, could not entitle the plaintiff to any relief." *Sanchez v. State*, 692 N.W.2d 812, 816 (Iowa 2005).

Vaughn concedes the facts upon which Hill's report are based were available long ago. But, he argues:

> [B]ecause the facts were available at trial does not mean that a re-examination of those facts cannot constitute newly discovered evidence. For example, Iowa Code section 81.10 provides that a request for postconviction relief for DNA testing is permitted and there is no[ ] time limitation for such a request. Clearly this kind of evidence was available at the time of trial. Iowa Code section 822.3

---

[3] We note this report was available and referenced by Vaughn's counsel during the hearing to dismiss his third PCR application, noting "the availability of the expert to rebut the State's forensic examiner." Counsel stated, "While I understand that this does not fall in the category of newly discovered evidence, which would fall into the exception of the time bar, I believe that this fact with the policy claim of *Allison* should allow Mr. Vaughn to proceed to present that evidence to the court."

specifically recognizes such testing as a "ground in fact" that would meet the exception to the [three] year filing limitations.

The district court did not err in dismissing Vaughn's petition. Unlike DNA evidence that might conclusively show a defendant was *not* the perpetrator of a sexual assault—and has been specifically addressed by the statute—Hill's report reanalyzes information available at trial and concludes the murder did not occur in the truck. It does not exonerate Vaughn as the perpetrator.

"A reasonable interpretation of [section 822.3] compels the conclusion that exceptions to the time bar would be, for example, newly-discovered evidence or a ground that the applicant was at least not alerted to in some way." *Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012) (citation omitted). The evidence reviewed by Hill was available during the three-year limitation period and could have been addressed. *See State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989) (stating the exception only applies where "there would be no opportunity to test the validity of the conviction" within the three-year time period); *see also Griffin v. State*, No. 20-1264, 2021 WL 4304239, at *1 (Iowa Ct. App. Sep. 22, 2021) (concluding applicant failed to show a "new ground of fact" where DNA evidence existed at time of trial and the testing method was available in 2006, when he received a notice of destruction and long before the PCR application was filed). Finding no error, we affirm.

**AFFIRMED.**