**IN THE COURT OF APPEALS OF IOWA**

No. 21-1976
Filed January 11, 2023

**RICHARD MICHAEL EMERY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Marshall County, Kurt J. Stoebe,

Judge.

        The applicant appeals the district court's summary disposition of his petition

for postconviction relief. **AFFIRMED.**

        Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

        Brenna Bird, Attorney General, and Olivia Brooks, Assistant Attorney

General, for appellee State.

        Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

Richard Emery appeals the district court's decision granting the State's motion to dismiss and motion for summary disposition of his petition for postconviction relief (PCR). We affirm the district court.

## I.     Background Facts & Proceedings

In FECR059570, Emery pled guilty to (1) possession of methamphetamine, third offense; (2) possession of lithium with intent to manufacture a controlled substance; (3) possession of pseudoephedrine with intent to manufacture a controlled substance; (4) possession of marijuana, third offense; (5) theft in the fifth degree; and (6) conspiracy to manufacture methamphetamine. On March 4, 2004, the court determined Emery's sentences on these charges should be served consecutively, giving him a total of a term of imprisonment not to exceed thirty-five years. The sentences were suspended and Emery was placed on probation for five years.[1]

On December 18, 2007, in a separate criminal case, Emery pled guilty to possession of marijuana with intent to deliver and delivery of methamphetamine. As a result, on January 15, 2008, the district court revoked Emery's probation in FECR059570. The court imposed the original sentence of thirty-five years in prison.[2]

---

[1] On April 10, 2006, the court found Emery violated the terms of his probation. The court modified his probation to place him in the Violator's Program.

[2] Emery was additionally sentenced to a term of imprisonment not to exceed two years on a charge of operating while intoxicated, as well as a term of imprisonment not to exceed fifteen years on the charges of possession of marijuana with intent to deliver and delivery of methamphetamine, for a total sentence of fifty-two years.

Emery filed a PCR application on December 4, 2017, almost ten years after he was sentenced. He claimed he received ineffective assistance of counsel and was given an excessive sentence. The State filed a motion to dismiss, claiming the application was untimely under the three-year limitations period in Iowa Code section 822.3 (2017). Emery resisted the motion to dismiss. Following a hearing, the court ordered Emery to amend his application to state with reasonable specificity what he was claiming. The court denied the motion to dismiss without prejudice to the State's right to renew its motion after the amended application was filed.

Emery filed an amended application that raised the same issues as the earlier application and included a free-standing claim of actual innocence. The State filed a renewed motion to dismiss and a motion for summary disposition. Emery resisted the State's motions.

A hearing was held on September 27, 2021.[3] The court found Emery's application should be dismissed because it was not filed within three years as required by section 822.3. The court also granted the State's motion for summary disposition, finding "Emery has failed to set forth facts that his counsel's performance was deficient, let alone that any deficient performance prejudiced his defense." Additionally, he did not allege any scenario sufficient to support his claim of actual innocence. Emery appeals.

---

[3] Emery was not present for the hearing. At the time of the hearing there was a warrant for Emery's arrest by his parole officer in connection with pending parole revocation proceedings, and Emery's whereabouts were unknown. The court denied PCR counsel's request to continue the hearing, finding Emery had voluntarily absconded from supervision.

## II. Motion to Dismiss

Emery contends the district court erred by granting the State's motion to dismiss his PCR application on the ground it was untimely under the three-year limitations period in section 822.3. We review a district court's ruling on a motion to dismiss a PCR application for the correction of errors at law. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020). "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Id.* (citation omitted).

Emery concedes his application was filed outside the three-year time period but states he was not aware he had a right to file a PCR application within the applicable time period. We have previously stated, "Suffice it to say that [the defendant's] claimed lack of knowledge is not provided as a ground for exception from the effects of the statute of limitations." *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989); *see also Lozano v. State*, No. 18-1180, 2020 WL 4200156, at *2 (Iowa Ct. App. July 22, 2020) ("A lack of knowledge is not a ground for an exception from the effects of a limitations period."); *Long v. State*, No. 16-1220, 2017 WL 2684345, at *2 (Iowa Ct. App. June 21, 2017) ("Lack of awareness is not a basis for circumventing the time-bar.").

We conclude Emery's claim that he was not aware that he could file a PCR application does not create a valid exception to the three-year statute of limitations for PCR applications. We find the district court did not err in granting the motion to dismiss.

### III.     Motion for Summary Disposition

Emery claims the district court should have denied the State's motion for summary disposition. He contends that he should have been permitted to develop the record regarding the performance of trial counsel.

"We ordinarily review summary dispositions of PCR applications for correction of errors at law." *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). However, our review of constitutional claims, including those of ineffective assistance of counsel, is de novo. *Id.*

Emery's PCR application, filed on December 4, 2017, stated generally that trial counsel did not protect his due process rights but did not make any specific claims of ineffective assistance. In the district court's order on May 8, 2018, denying the first motion to dismiss, the court ruled, "Counsel for the applicant is directed to amend the petition to state with reasonable specificity what the applicant is claiming and when he acquired the knowledge to make those claims. The amended application shall be filed by no later than May 28, 2018."

Emery's amended PCR application asserted trial counsel was ineffective due to (1) not conducting discovery; (2) not protecting his due process rights; (3) failing to protect against consecutive sentences; and (4) failing to effectively negotiate a better offer.

Prior to a hearing scheduled for June 17, 2021, on the State's motion for summary disposition, Emery requested taking depositions at public expense. His request was granted on May 24. Based on Emery's requests, the hearing was rescheduled for September 27.

Emery did not appear for the hearing held on September 27. The State argued, "[T]he requests for additional time to fully develop the record has more than gone past. This case has been pending for more than three years so the State believes that summary disposition should be granted." In his resistance to the motion for summary disposition, Emery claimed "this case is not fully developed and he should have time to amend his application and depose witnesses prior to this motion being heard."

The district court found:

> The trial in this case has been continued six times over the course of nearly four years. In that time Emery has failed to provide any evidence or description of evidence supporting his claims beyond mere assertions that he was actually innocent and that his counsel was ineffective. Emery has failed to set forth facts that his counsel's performance was deficient, let alone that any deficient performance prejudiced his defense.

The record shows Emery was given ample time to develop the record regarding the performance of trial counsel. The case has been pending since Emery filed his PCR application in December 2017. On May 24, 2021, the district court granted Emery's request to take depositions at public expense. The hearing was held on September 27. In a PCR proceeding, "[t]he applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome. *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). Emery failed to meet this burden. We conclude the district court did not err by granting the State's motion for summary disposition.

### IV.     Actual Innocence

In addition to his claims of ineffective assistance of counsel, Emery's amended PCR application raised a claim of actual innocence.  Our review of claims of actual innocence is de novo.  *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019).

The Iowa Supreme Court has stated:

> For an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence.

*Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018).  A freestanding claim of actual innocence is available to an applicant who has pled guilty.  *Dewberry*, 941 N.W.2d at 4.  "*Schmidt* does not apply to overcome the statute of limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period."  *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020).

The district court found Emery did not allege any scenario sufficient to support his claim of actual innocence.  He did not claim a witness had recanted his or her testimony or that there was newly discovered evidence.  We conclude the district court did not err by granting summary disposition to the State regarding Emery's claims of actual innocence.

We affirm the decisions of the district court.

**AFFIRMED.**