**IN THE COURT OF APPEALS OF IOWA**

No. 22-1336
Filed November 8, 2023

**SHIRLEY EILEEN SCHMITT,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Sac County, Angela L. Doyle, Judge.


　　　An applicant appeals pro se from the denial of her application for postconviction relief. **AFFIRMED.**



　　　Shirley Eileen Schmitt, self-represented appellant.

　　　Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.


　　　Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

Eileen Schmitt appeals pro se from the summary disposition of her untimely application for postconviction relief. We affirm, finding no legal error in the district court's application of the postconviction relief statute of limitations.

In her 2022 application, Schmitt purported to challenge her 2008 misdemeanor drug convictions out of both Carroll and Sac Counties, even though the application was filed only in Sac County. When reviewing the nebulous pro se filings, the district court understood Schmitt's claim to be "that the two offenses were 'united' into one by search warrants and were 'unlawfully severed' so the Sac County magistrate did not have jurisdiction to impose sentence in the Sac County matter."

The State moved for summary disposition, urging that the application was untimely and should be dismissed. The district court granted the motion following a reported hearing.[1] Schmitt sought interlocutory review, which our supreme court treated as a notice of appeal before transferring the matter to our court for resolution.

We review rulings on the postconviction statute of limitations for errors at law. *Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013). Unless an exception applies, an application must be filed no later than three years after a conviction becomes final. Iowa Code § 822.3 (2022). Schmitt does not dispute that both of her challenged convictions became final in 2008, which means the limitations

---

[1] Schmitt did not order a transcript of the summary-disposition hearing in her combined certificate, so we cannot review it when deciding this appeal. "It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005).

periods expired in 2011. Schmitt's application was not filed until March 3, 2022—more than a decade too late. The application was facially untimely and subject to summary disposition.

The State asserts Schmitt's pro se brief fails to engage with the statute-of-limitations issue and instead argues the underlying merits. This is a fair observation. While Schmitt's pro se brief recites the maxim that jurisdictional issues can be raised at any time, she does not offer any argument or evidence indicating this particular claim can be raised under either the new-ground-of-fact or new-ground-of-law exceptions in chapter 822. *See id.* In other words, even if Schmitt is right that she could raise a jurisdictional challenge to her underlying drug convictions, the place for such a challenge is not a time-barred application for postconviction relief without an applicable exception.

To the extent Schmitt's pro se brief reiterates her claim below that (in her words) "she was unaware . . . that the magistrate was violating the constitution and laws," we find this claim does not pierce the statute of limitations. Setting aside whether Schmitt's pro se claims have any merit, that she did not think of her claims until recently is not a new ground of fact (like newly discovered evidence) or a new ground of law (like the overruling of felony-murder precedent recognized in *Nguyen*, 823 N.W.2d at 188–89). *See State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989) (noting the applicant's "claimed lack of knowledge is not provided as a ground for exception from the effects of the statute of limitations").

Finally, to the extent Schmitt urges some kind of illegal-sentence claim, her misdemeanor Iowa sentences are long discharged and she does not assert any legal error in the sentence for either offense. It appears she is attempting to

4

collaterally challenge her federal-court sentence, which was subject to enhancement because of her predicate state-court convictions. We, like the district court, lack authority to disturb a federal sentence. *Cf. Daniels v. United States*, 532 U.S. 374, 382 (2001) ("[I]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies . . . , then that defendant is without recourse."). Schmitt cites no law recognizing that a challenge to predicate offenses can bypass the statute of limitations, and we are aware of none. *See Edman*, 444 N.W.2d at 107 (applying the statute of limitations to a challenge concerning a sentence-enhancing predicate offense).

The district court correctly applied the statute of limitations and summary disposition was appropriately granted to the State.

**AFFIRMED.**