# IN THE COURT OF APPEALS OF IOWA

No. 24-1730
Filed July 23, 2025

**D'ANTHONY RAY CURD,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Michael Harris, Judge.

An applicant appeals the denial of postconviction relief. **AFFIRMED.**

Des C. Leehey, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee State.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**BULLER, Judge.**

D'Anthony Curd pled guilty to murder in the second degree, a class "B" felony in violation of Iowa Code section 707.3 (2013), and robbery in the second degree, a class "C" felony in violation of sections 711.1 and 711.3. He was sentenced to prison in 2014 and did not file a direct appeal.

Curd filed a first (untimely) postconviction action in 2018, and we affirmed denial of relief in 2021. *Curd v. State*, No. 20-0094, 2021 WL 210742, at *2–3 (Iowa Ct. App. Jan. 21, 2021). He filed a second (again untimely) postconviction action—the subject of this appeal—in 2023, claiming trial counsel was ineffective in 2014 for not advising him that failing to directly appeal his conviction would potentially impact his federal habeas opportunities.

The postconviction court dismissed the second application as untimely, reasoning Curd could not invoke the new-ground-of-fact-or-law exception to the statute of limitations because he could have discovered the consequences of not directly appealing his conviction within the three-year limitations period. We agree. *See State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989) ("Suffice it to say that [an applicant's] claimed lack of knowledge is not provided as a ground for exception from the effects of the statute of limitations."); *cf. Lopez-Penaloza v. State*, 804 N.W.2d 537, 542–43 (Iowa Ct. App. 2011) (holding a claim of misadvice on collateral consequences accrues at the time of the plea and cannot be a new ground of fact or law so as to bypass the statute of limitations). And we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**