**IN THE COURT OF APPEALS OF IOWA**

No. 3-1163 / 13-0359
Filed February 5, 2014

**LUCINDA GILLAM,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.


     A postconviction relief applicant appeals from a district court order dismissing her application. **AFFIRMED.**


     John Bishop, Cedar Rapids, for appellant.

     Thomas J. Miller, Attorney General, Bridget Chambers, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly A. Griffith, Assistant County Attorney, for appellee.


     Considered by Vogel, P.J., and Mullins and McDonald, JJ.

**MULLINS, J.**

Lucinda Gillam appeals from the district court's dismissal of her application for postconviction relief due to untimeliness. She argues under Iowa Code section 822.3 (2011), her new mental health diagnosis is a ground of fact or law that could not have been raised within the three-year limitations period, and therefore, her application for postconviction relief was timely, and she should be permitted to proceed to an evidentiary hearing. We affirm the district court's dismissal.

## I. Background Facts and Proceedings.

In 2002, Gillam was found guilty of robbery in the first degree by a jury. She filed an appeal, but it was dismissed in August 2003 as frivolous. Gillam filed her first application for postconviction relief in 2005, which was denied. The denial was affirmed on appeal. *Gillam v. State*, No. 07-0534, 2008 WL 1887309, at *1 (Iowa Ct. App. Apr. 30, 2008).

Sometime in 2009 Gillam was diagnosed with a mental health disorder. On October 30, 2012, Gillam filed the current application for postconviction relief. At the February 13, 2013 hearing on the application, the State orally moved to dismiss the action because it was brought after the statute of limitations for postconviction relief actions had run. Gillam waived time to file a written response to the motion, and the district court immediately heard the parties' arguments. The court granted the State's motion to dismiss, finding Gillam knew of her mental health condition prior to the original criminal trial, and therefore, the exception to the statute of limitations did not apply.

## II.      Standard of Review.

Our review of a district court's dismissal of an application for postconviction relief is for correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519-20 (Iowa 2003). "[W]e will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.*

## III.      Analysis.

Iowa Code section 822.3 provides that applications for postconviction relief must be filed within three years from the conviction or, if there is an appeal, from the date the writ of procedendo is issued. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. The parties agree that Gillam's application for postconviction relief does not fall within three years of the August 2003 procedendo, but Gillam claims the exception applies to her case. The State argues Gillam has not shown what her new mental health diagnosis is or whether it was occurring at the time of the original criminal trial and therefore cannot show that the diagnosis could change the outcome of the criminal trial.[1]

The district court found that Gillam had been diagnosed and treated for mental health problems prior to her original criminal trial. In dismissing her application for postconviction relief, the district court determined that a change in

---

[1] The State also asserts Gillam has waived this claim by failing to provide an adequate record to decide the issue. While we do not have a record of the district court proceeding, we do have the district court's written ruling along with Gillam's application for postconviction relief. We find this record adequate to address the claim, and therefore, we reject the State's waiver argument.

mental health diagnosis is not "a ground in fact or law that could not have been raised" within the three-year statute of limitations because Gilliam was aware of her mental health condition prior to the original criminal trial.

When a party claims an exception to a statute of limitations, it must plead and prove the exception. *Cornell v. State*, 529 N.W.2d 606, 610 (Iowa Ct. App. 1994). Gillam must prove, as the statute states, that her mental health diagnosis and possible defenses coming from it "could not have been raised within the applicable time period." Iowa Code § 822.3. Additionally, Gillam must "show a nexus between the asserted ground of fact and the challenged conviction." *Harrington*, 659 N.W.2d at 520. This, however, does not mean Gillam must show the fact would likely or probably have changed the outcome of the original criminal case. *Id.* at 521.

Gillam conceded in the district court hearing on this motion to dismiss that she had been diagnosed and treated for mental health problems before her original criminal trial. In this case, Gillam is alleging that she received a new mental health diagnosis in 2009. However, Gillam does not provide any facts to show what her 2009 mental illness diagnosis is or whether it has any connection or nexus to her mental health during the 2001 crime or 2002 criminal trial. *See id.* at 520 (noting the postconviction relief applicant must show the alleged ground of fact could not have been raised earlier and must show a nexus between the asserted fact and the conviction). Gillam does not show whether her 2009 diagnosis was a condition she suffered from during the 2001 crime or whether it emerged after the trial.

Gillam claims on appeal that if all of the "ifs" and "unknowns" regarding her 2009 mental health diagnosis resolve themselves in her favor, the three-year statute of limitations should not prevent her claim because her mental health diagnosis was not knowable until after her new diagnosis in 2009. The problem is that Gillam must plead and prove the exception to the statute of limitations for her postconviction relief action to proceed. Although the hearing on the motion to dismiss was not a full-blown evidentiary hearing, Gillam had an obligation at the very least to present some offer of what she expected the evidence would show if she were permitted to proceed to a hearing on the merits of her application. It is unclear what information was provided to the district court regarding the new mental health diagnosis, but Gillam only presents "ifs" and "unknowns" on appeal from the district court's decision. Gillam cannot survive the State's motion to dismiss as she has not presented sufficient proof that her new mental health diagnosis was a new ground fact that could not have been discovered within the three-year statute of limitations for postconviction relief actions. The district court correctly determined her application was time-barred.

**AFFIRMED.**