# IN THE COURT OF APPEALS OF IOWA

No. 14-0440
Filed January 27, 2016

**TONY SIHAVONG,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Rebecca Goodgame

Ebinger, Judge.

Applicant appeals the district court decision denying his request for

postconviction relief from his conviction for first-degree murder.  **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for

appellant.

Tony Sihavong, Anamosa, appellant pro se.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Alexandra Link,

Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., Vaitheswaran, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Applicant Tony Sihavong appeals the district court decision denying his request for postconviction relief from his conviction for first-degree murder. We determine Sihavong's application is untimely under Iowa Code section 822.3 (2013). We conclude the district court properly denied his request for postconviction relief and affirm.

## I.      Background Facts & Proceedings

Sihavong was convicted of first-degree murder in 2002 and was sentenced to life in prison. His conviction was affirmed on appeal. *See State v. Sihavong*, No. 02-1447, 2003 WL 22697627, at *1 (Iowa Ct. App. Nov. 17, 2003). Procedendo was issued on February 13, 2004.

Sihavong filed an application for postconviction relief, which was dismissed as frivolous on March 16, 2007. He then filed a second application for postconviction relief, arguing *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), should be applied retroactively.[1] On March 23, 2010, the Iowa Supreme Court granted the State's motion to affirm the district court's decision denying his second request for postconviction relief. Sihavong's third application for postconviction relief was dismissed as frivolous on July 6, 2012.

Sihavong filed his present and fourth application for postconviction relief on February 7, 2013. He asserted the failure to apply *Heemstra* retroactively violated his rights under the equal protection clause of the United States Constitution and the equal protection, due process, and separation of powers

---

[1] The case of *Heemstra* held "if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." 721 N.W.2d at 588.

clauses of the Iowa Constitution. The State claimed Sihavong's fourth application for postconviction relief was untimely under the three-year statute of limitations in section 822.3. The district court discussed whether Sihavong's application was untimely, but found the issue was not determinative because the application was also barred under section 822.8 due to "Sihavong's new arguments related to the retroactivity of *Heemstra* should have and could have been raised in his second application for postconviction relief." Sihavong appeals the district court's decision.

## II.      Standard of Review

In general, our review of the denial of an application for postconviction relief is for the correction of errors at law. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). When there is an allegation of a constitutional error, however, we review de novo in light of the totality of the circumstances. *Id.*

## III.     Timeliness of Application

On appeal, the State claims Sihavong's application is untimely under section 822.3. Because the issue was raised in the district court and discussed by the court, although it was not the basis for the court's decision, we conclude it has been preserved for our review. *See DeVoss v. State*, 648 N.W.2d 56, 61 (Iowa 2002) ("We have in a number of cases upheld a district court ruling on a ground other than the one upon which the district court relied *provided* the ground was urged in that court.").

Section 822.3 provides that an application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in

the event of an appeal, from the date the writ of procedendo is issued." Here, procedendo from Sihavong's direct appeal was issued on February 13, 2004, and the present application for postconviction relief was filed almost nine years later, on February 7, 2013. The application is thus untimely unless it comes within the exception for "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3. Sihavong has the burden to show his application comes within the exception to the three-year statute of limitations. *See Cornell v. State*, 529 N.W.2d 606, 610 (Iowa Ct. App. 1994).

In *Nguyen v. State*, 829 N.W.2d 183, 184 (Iowa 2013), the applicant sought postconviction relief after the three-year statute of limitations in section 822.3 had expired, but within three years after the Iowa Supreme Court decided *Heemstra*. The court concluded, "section 822.3 does not bar Nguyen's constitutional claims" because *Heemstra*, which "expressly overruled the prior law," constituted a ground of law that could not have been raised within the applicable time period. *Nguyen*, 829 N.W.2d at 188.

Unlike *Nguyen*, however, Sihavong did not file this fourth application for postconviction relief within three years after *Heemstra* was decided.[2] *Heemstra* was filed on August 25, 2006, and Sihavong's application for postconviction relief was filed on February 7, 2013. We conclude Sihavong's application is untimely

---

[2] This same conclusion, that for an application for postconviction relief challenging a conviction based on the holding in *Heemstra* to be timely it should be filed within three years after *Heemstra* was decided, has been reached in other Iowa Court of Appeals opinions. *See Burkett v. State*, No. 14-0998, 2015 WL 5278970, *3 (Iowa Ct. App. Sept. 10, 2015); *Thompson v. State*, No. 14-0138, 2015 WL 1332352, *1 (Iowa Ct. App. Mar. 25, 2015).

under section 822.3. Furthermore, even if the application was timely, Sihavgong's claims would be barred by section 822.8 because there was no sufficient cause or reason why he could not have raised the claims in his second application for postconviction relief. *See* Iowa Code § 822.8 (providing grounds for relief may not be raised if they could have been raised in an earlier proceeding, unless there is a "sufficient reason" for not raising the grounds earlier).

We affirm the decision of the district court denying Sihavong's request for postconviction relief.

**AFFIRMED.**