**IN THE COURT OF APPEALS OF IOWA**

No. 14-1241
Filed April 6, 2016

**FRED MOORE,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.

Fred Moore appeals the district court's decision dismissing his application

for postconviction relief from his conviction for first-degree murder.  **AFFIRMED.**

John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Alexandra Link

(until withdrawal), Assistant Attorneys General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Fred Moore appeals the district court's decision dismissing his application for postconviction relief (PCR) from his conviction for first-degree murder. We determine Moore's application is untimely under Iowa Code section 822.3 (2013). We conclude the district court properly dismissed his PCR application and affirm.

### I. Background Facts and Proceedings.

Moore was convicted of first-degree murder in 1997 and sentenced to life in prison. His conviction was affirmed on appeal. *See State v. Moore*, No. 98-1038, 1999 WL 1136569, at *4 (Iowa Ct. App. Dec. 13, 1999). Procedendo was issued on March 15, 2000.

Moore filed his first PCR application in 2001, which was dismissed by the district court and affirmed on appeal. *Moore v. State*, No. 03-1223, 2004 WL 2387040, at *1 (Iowa Ct. App. Oct. 27, 2004). His second PCR application was filed in 2005 and dismissed as frivolous in 2008. In April 2013, Moore filed his present and third PCR application, seeking a retroactive extension of the holding in *State v. Heemstra*, 721 N.W.2d 549, 557 (Iowa 2006), to his 1997 conviction. *Heemstra* held that "if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." 721 N.W.2d at 588. Moore's predicate felony was terrorism. His counsel filed an amended PCR application in February 2014 asserting:

> On August 25, 2006, the Iowa Supreme Court issued its decision in *Heemstra*, which changed Iowa's rules related to predicate felonies and the felony merger doctrine.
> On March 22, 2013, the Iowa Supreme Court reversed the dismissal of Phuoc Nguyen's Application for [PCR], which . . . had

> challenged the constitutionality of the Court's decision to limit the retroactive effect of the *Heemstra* Decision. While not ruling on the merits of Nguyen's claims, the Court determined that his application was not barred by the three-year statute of limitation imposed by Iowa Code § 822.3 because he could not have challenged the constitutionality of an Iowa Supreme Court decision within three years of his conviction when the decision was not rendered until much after that time.
>
> Mr. Moore's case is very closely analogous to Nguyen's, and he should be allowed to reach the merits of his claim in the same way that the court permitted Nguyen's case to proceed on the merits.

In the *Nguyen* decision referenced by Moore, the supreme court reversed the district court's dismissal of Nguyen's PCR application on statute-of-limitations grounds. *Nguyen v. State* (*Nguyen I*), 829 N.W.2d 183, 189 (Iowa 2013). It "was determined that Nguyen's PCR application fell within the exception contained in Iowa Code section 822.3 because Nguyen could not have argued for the retroactive application of *Heemstra* until after *Heemstra* had been decided." *Nguyen v. State* (*Nguyen II*), No. 14-0401, ___ N.W.2d ___, ___, 2016 WL 920320, at *4 (Iowa 2016).

A hearing was held on Moore's third application in May 2014. With regard to the statute of limitations, Moore claimed his application was timely since it was filed within three years of the 2013 *Nguyen I* decision.[1] The State asserted Moore's third PCR application was untimely under the three-year statute of limitations in section 822.3 because the application was not filed within three years of the 2006 *Heemstra* decision.

---

[1] With regard to his constitutional issues, Moore argued any limitation on the retroactivity of *Heemstra* violated his rights under the Due Process Clause and Equal Protection Clause of the United States Constitution, and his rights under the due process, equal protection, and separation of powers clauses of the Iowa Constitution. We note these arguments were recently rejected by our supreme court. *See Nguyen II*, 2016 WL 920320, at *9-14.

The district court concluded the *Nguyen I* decision "has not been extended to allow applicants to pursue *Heemstra*-styled claims any longer than three years following the *Heemstra* decision." Since Moore's application was filed more than six years after the *Heemstra* decision, the court concluded Moore's action was barred by the statute of limitations.

Furthermore, the court noted Moore's second PCR application was pending at the time the *Heemstra* decision was handed down. A decision on Moore's application was not entered until more than a year after the *Heemstra* decision. Moore did not amend his application to raise the *Heemstra* issue prior to the denial of his second PCR application. The district court concluded Moore's third application was procedurally barred. *See* Iowa Code § 822.8 (providing grounds for relief may not be raised if they could have been raised in an earlier proceeding, unless there is a "sufficient reason" for not raising the grounds earlier). The court reasoned:

> [Moore] was clearly aware of the procedure for filing an amended petition to include new grounds of relief, as he actually did so in his second [PCR] case. [Moore's] current [PCR] case is based entirely on *Heemstra* and consists entirely of arguments that could have been made in the midst of his second application for [PCR]—after the court's decision in *Heemstra* on August 25, 2006, and prior to the resolution of his second application for [PCR] on September 25, 2007. [Moore] failed to raise these arguments following *Heemstra* and prior to the court's denial of his second application for [PCR], and instead raises these claims in this application—long after the time he should have raised these claims had expired.

Finding Moore's third application was barred both procedurally and by the statute of limitations, the district court dismissed the application. Moore appeals.

### II. Standard of Review.

In general, our review of the denial of a PCR application is for the correction of errors at law. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). When there is an allegation of a constitutional error, however, we review de novo in light of the totality of the circumstances. *Id.*

### III. Timeliness of Application.

Section 822.3 provides that a PCR application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Here, procedendo from Moore's direct appeal was issued on March 15, 2000, and the present PCR application was filed more than thirteen years later, on May 9, 2013. The application is thus untimely unless it comes within the exception for "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3. Moore has the burden to show his application comes within the exception to the three-year statute of limitations. *See Cornell v. State*, 529 N.W.2d 606, 610 (Iowa Ct. App. 1994).

In *Nguyen I*, Nguyen sought PCR after the three-year statute of limitations in section 822.3 had expired but within three years after the Iowa Supreme Court decided *Heemstra*. *Nguyen I*, 829 N.W.2d at 183. The court concluded "section 822.3 does not bar Nguyen's constitutional claims" because *Heemstra*, which "expressly overruled the prior law," constituted a ground of law that could not have been raised within the applicable time period. *Id.* at 188.

Unlike Nguyen, however, Moore did not file this third PCR application within three years after *Heemstra* was decided.[2] *Heemstra* was filed on August 25, 2006, and Moore's PCR application was not filed until May 9, 2013. Moore attempts to side-step the three-year-limitation hurdle by arguing *Heemstra* should not be the starting point for the statute of limitations because, "by its terms, it was only addressing felony murder when the felony was willful injury. *Heemstra* said nothing about terrorism." The *Nguyen I* decision prompted Moore to file the present PCR application, because, like Moore, Nguyen's predicate felony was terrorism. *Nguyen II*, 2016 WL 920320, at *1. Moore asserts, "It wasn't that he didn't know about *Heemstra*. It was that he didn't know *Heemstra* maybe could help him challenge the terrorism aspect of his conviction."[3] The fatal flaw in Moore's argument is that he has not met, and cannot meet, his burden to establish that an extension of the *Heemstra* holding to cases involving a predicate felony of terrorism could not been raised within three years after the *Heemstra* decision. The proof in the pudding is that Nguyen filed his PCR application within three years of *Heemstra*. Moore could have done the same but did not. We therefore conclude Moore's application is untimely under section 822.3. Furthermore, even if the application was timely, Moore's claims would be barred by section 822.8 because there was no sufficient cause or reason why he

---

[2] This same conclusion, that a PCR application challenging a conviction based on the *Heemstra* holding should be filed within three years after *Heemstra* was decided in order to be timely, has been reached in other Iowa Court of Appeals opinions. *See Sihavong v. State*, No. 14-0440, 2016 WL 351286, at *2 (Iowa Ct. App. Jan. 27, 2016); *Burkett v. State*, No. 14-0998, 2015 WL 5278970, *3 (Iowa Ct. App. Sept. 10, 2015); *Thompson v. State*, No. 14-0138, 2015 WL 1332352, *1 (Iowa Ct. App. Mar. 25, 2015).

[3] If there had been any doubt, the issue is now crystal clear. *Nguyen II* states: "If *Heemstra* had been controlling at the time of Nguyen's conviction, terrorism could not have been used as the predicate felony, and the felony-murder instruction could not have been given as a theory to convict Nguyen." *Nguyen II*, 2016 WL 920320, at *1, *3.

could not have raised the claims in his second PCR application, which was pending at the time *Heemstra* was decided.

We affirm the decision of the district court dismissing Moore's PCR application.

**AFFIRMED.**