# IN THE COURT OF APPEALS OF IOWA

No. 16-0263
Filed March 8, 2017

**STEVEN DALE BRADLEY,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

An applicant appeals the district court's summary dismissal of his application for postconviction relief. **AFFIRMED.**

Jeffrey M. Lipman of Lipman Law Firm, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall (until withdrawal) and Kevin Cmelik, Assistant Attorneys General, for appellee State.

Considered by Mullins, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Steven Bradley appeals the district court's summary dismissal of his third application for postconviction relief (PCR). He claims the recent availability of the transcript of his guilty plea proceedings from 1995 qualifies as newly discovered evidence so as to excuse the late filing of this current PCR application. In rejecting this claim, the district court correctly noted Bradley cannot show the plea transcript was newly discovered. *See* Iowa Code § 822.3 (2015). The fact remains that Bradley was present during the plea proceeding in 1995, was aware of what took place during the proceeding, and was aware of the fact the proceeding was being transcribed. *See Cornell v. State*, 529 N.W.2d 606, 611 (Iowa Ct. App. 1994) ("[T]he focus of our inquiry [is] whether the applicant was or should have been 'alerted' to the potential claim before the limitation period expired."). In addition, the underlying allegation that Bradley was seeking to prove with the plea transcripts—that his counsel was ineffective for failing to file a direct appeal—has already been litigated and resolved in Bradley's prior PCR actions. *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("Relitigation of previously adjudicated issues is barred." (citation omitted)).

Because no exception to the three-year time bar was applicable to Bradley's third PCR application and because the issue raised in this action was already litigated, the district court correctly dismissed his third PCR application, and we summarily affirm the district court's decision pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**