# IN THE COURT OF APPEALS OF IOWA

No. 17-1543
Filed August 1, 2018

**BRUCE EVAN MARTIN,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

Bruce Martin appeals the order granting summary disposition of his fifth application for postconviction relief. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Bruce Martin appeals the order granting summary disposition of his fifth application for postconviction relief (PCR), in which he sought relief from his 2004 convictions for second-degree sexual abuse and lascivious acts with a child. He argues his application is excepted from the three-year time bar for bringing PCR actions because it is based on newly discovered evidence. He also asserts his fifth PCR counsel provided ineffective assistance by failing to demonstrate his claim rested on newly discovered evidence.

We review the summary disposition of a PCR action for correction of errors at law. *See Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). Summary disposition is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." *Id.* (cleaned up).[1] We view the record in the light most favorable to the nonmoving party, drawing all legitimate inferences from the evidence in favor of the nonmoving party. *See id.*

Applicants for PCR are required to file their application "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued" unless the application is based on "a ground of law or fact that could not have been raised within the applicable time period." Iowa Code § 822.3 (2016). Martin concedes his PCR application was not

---

[1] "Cleaned up" is a new parenthetical used to indicate that internal quotation marks, alterations, and citations have been omitted from quotations for readability purposes. *See United States v. Steward*, 880 F.3d 983, 986 n.3 (8th Cir. 2018); Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (Fall 2017).

timely under section 822.3 but claims it falls within the exception for newly discovered evidence. An applicant asserting a claim of newly discovered evidence must show the ground of fact could not have been raised within the limitations period and that it has the potential to qualify as material evidence. *See Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018).

Martin raises two claims in this PCR action. First, he alleges that his prior counsel failed to raise exculpatory evidence in the form of documents from agencies and police departments that would show "no claims of child sex abuse against him." In his recast PCR application, Martin admitted these documents were discoverable before he pled guilty or undertook his four prior PCR actions, but he claimed his counsel failed to produce the documents. At the summary disposition hearing, Martin testified he instructed his attorneys to get this evidence, which indicates he knew of the documents' existence. Martin acknowledges that "most if not all of the documents to which [he] referred in his current PCR case" are contained in previous PCR files. Clearly, the documents he relies on do not fall under the exception to the time bar for newly discovered evidence. In fact, it appears Martin raised this claim in his failed fourth PCR action, which this court affirmed on appeal. *See Martin v. State*, No. 15-1622, 2016 WL 4384755, at *3 (Iowa Ct. App. Aug. 17, 2016) (holding Martin failed to demonstrate that similarly described documents could not have been discovered in the exercise of reasonable diligence within the limitations period and that "at least some of these documents were in Martin's possession at the time of his last PCR application" and concluding Martin "failed to demonstrate the evidence was newly discovery, not previously discoverable, or that said evidence requires vacation of his plea in the

interest of justice"). "Relitigation of previously adjudicated issues is barred." *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971).

Martin also alleges that newly discovered evidence regarding the child's mother and the child lying about the abuse provides an exception to the statutory time bar for PCR actions. Specifically, Martin claims the mother told one of his friends she intended to "hang [Martin] up on a crime he didn't even do," and the child expressed Martin's innocence to another person at a funeral on December 3, 2003.[2] Martin testified he learned of this evidence after he was sentenced, "[p]robably a few years ago." Asked if he learned of the information before he filed his fourth PCR action,[3] Martin responded, "Yes." His appellate counsel claims Martin "simply is not certain of when he learned about the comments."

Martin has the burden to show his application comes within the exception to the three-year statute of limitations. *See Cornell v. State,* 529 N.W.2d 606, 610 (Iowa Ct. App. 1994). He has not shown that he raised this issue within three years of his discovery of the statements. He has not met his burden to prove the information was "newly discovered evidence" under section 822.3.

Finally, Martin claims that his fifth PCR counsel was ineffective by failing to present his claims to the PCR court adequately. We reject this claim for the reasons stated above. Even if counsel had procured the evidence in the manner Martin suggests on appeal, it would not have changed the outcome of the PCR

---

[2] Martin was charged on December 1, 2003. In February 2004, Martin pled guilty to one count of second-degree sexual abuse and to lascivious acts, but was allowed to withdraw his guilty plea prior to sentencing. In June 2004, Martin again pleaded guilty to one count of second-degree sexual abuse and to lascivious acts. *Martin v. State*, No. 09-0014, 2009 WL 5126344, at *1 (Iowa Ct. App. Dec. 30, 2009).

[3] Martin's fourth PCR action was filed February 17, 2015.

proceeding because the evidence does not fall within the exception to the time bar set forth in section 822.3.  *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (holding a PCR applicant alleging ineffective assistance of PCR counsel must prove PCR counsel's deficient performance was so prejudicial as to give rise to the reasonable probability that, but for counsel's errors, the result of the proceeding would have been different).

**AFFIRMED.**