# IN THE COURT OF APPEALS OF IOWA

No. 20-0259
Filed July 21, 2021

**CHAD ENDERLE,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Scott County, Mary E. Howes,
Judge.

　　Chad Enderle appeals the district court's dismissal of his application for
postconviction relief. **AFFIRMED**.

　　Jack E. Dusthimer, Davenport, for appellant.

　　Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney
General, for appellee.

　　Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Chad Enderle appeals the district court order dismissing his application for postconviction relief (PCR). We affirm the dismissal.

## I. Background Facts & Proceedings

Enderle was charged with first-degree murder in violation of Iowa Code section 707.2(2) (2003) and willful injury in violation of section 708.4(1) on November 26, 2003. The jury was instructed that in order to find Enderle guilty on the murder count, the State would have to prove Enderle either: "(a) acted willfully, deliberately, premeditatedly and with a specific intent to kill [victim]; or (b) was participating in the offense of Willful Injury resulting in serious injury to [victim]." *See Enderle v. State*, No. 12-1635, 2014 WL 956018, at *1 (Iowa Ct. App. Mar. 12, 2014). The jury found Enderle guilty as charged. *Id.*

Enderle appealed his convictions. While the direct appeal was pending, the Iowa Supreme Court decided *State v. Heemstra*, wherein the court overruled existing precedent relating to the felony-murder rule. 721 N.W.2d 549, 558 (Iowa 2006). It declared, "If the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." *Id.* On rehearing, the court modified the opinion to state, "The rule of law announced in this case regarding the use of willful injury as a predicate felony for felony-murder purposes shall be applicable only to the present case and those cases not finally resolved on direct appeal in which the issue has been raised in the district court." *Id.*; *see Goosman v. State*, 764 N.W.2d 539, 542 (Iowa 2009). Enderle sought to amend his appellate brief to include argument based on the change in the felony-murder rule; however,

his request was denied. The supreme court affirmed Enderle's convictions. *See State v. Enderle*, 745 N.W.2d 438, 443 (Iowa 2007).

On February 10, 2009, Enderle filed his first PCR application, arguing, among other things, "that retroactive application of *Heemstra* is mandated by the federal and state due process and equal protection clauses and the Iowa Constitution's separation of powers clause." *Enderle*, 2014 WL 956018, at *1–2. Enderle's application was denied. He appealed, and this court affirmed. *Id.* at *5.

Currently before this court is Enderle's appeal from the dismissal of his second PCR application, which was filed October 17, 2016.[1] On May 31, 2018, the State filed a motion for summary disposition, and Enderle resisted. On June 18, the district court granted the State's motion and summarily dismissed Enderle's application finding it "a re-filing of the claims previously made in the applicant's direct appeal of his conviction and prior postconviction relief case" and untimely pursuant to Iowa Code section 822.3 (2016).

On July 3, Enderle filed a motion to reconsider or enlarge the district court's order. The State also filed a motion to reconsider or enlarge on July 10. On September 18, 2019, Enderle filed a motion for a ruling on his motion to reconsider or enlarge. On October 15, the district court issued an order indicating that by not issuing a new order, it had implicitly denied the motion. Enderle appealed. On its own motion, the Iowa Supreme Court reversed the district court's October 15 order

---

[1] In addition to the direct appeal of his criminal conviction and subsequent PCR actions, Enderle also separately appealed the denial of his request for postconviction DNA testing, pursuant to Iowa Code section 81.10 (2018). This court affirmed the denial. *See State v. Enderle*, No. 20-0308, 2021 WL 210763, at *3 (Iowa Ct. App. Jan. 21, 2021).

and remanded for the court to rule on Enderle's motion to reconsider or enlarge.[2] On January 29, 2020, the district court declined Enderle's request to reconsider but enlarged its ruling to find Enderle had not established a new ground of law for which his untimely application could be excused as the change announced in *Heemstra* did not require retroactive application to his conviction as a change in a substantive rule of constitutional law and Enderle's remaining constitutional claims had been previously addressed in his initial application. Enderle appeals.

## II. Standard of Review

We review a district court's decision dismissing a PCR application for the correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.* at 520.

## III. Discussion

Iowa Code section 822.3 requires that an application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." However, the three-year statutory limitation "does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Enderle "has the burden to show his application comes within the exception to the three-year statute of limitations." *Sihavong v. State*, No. 14-0440, 2016 WL 351286, at *1 (Iowa Ct. App. Jan. 27, 2016) (citing *Cornell v. State*, 529 N.W.2d 606, 610 (Iowa Ct. App. 1994)).

---

[2] As the State's motion to reconsider or enlarge was not timely, the remand order from the Supreme Court did not require the district court to address such motion.

Here, procedendo was issued from Enderle's direct appeal on March 10, 2008. The PCR application at issue was filed on October 17, 2016, eight years later. Enderle acknowledges his application was filed outside the three-year statutory period and that the Iowa Supreme Court has refused to apply *Heemstra* retroactively in the past. However, Enderle argues the United States Supreme Court cases *Montgomery v. Louisiana*, 577 U.S. 190 (2016) and *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016), after the dismissal of his initial application was affirmed, impact the constitutionality of *Heemstra*'s prospective application and furnish new grounds for which his claims should be reconsidered.

In *Montgomery*, the Supreme Court held "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." 577 U.S. at 200. The Supreme Court in *Welch* described substantive constitutional rules requiring retroactive applicability on collateral review as those that

> alter[ ] the range of conduct or the class of persons that the law punishes" and includes "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish.

578 U.S. at ___, 136 S. Ct. at 1264–65 (citations and quotation marks omitted). Enderle argues *Heemstra* announced a change to a substantive rule of constitutional law and, therefore, must be applied retroactively to his conviction.

We reject this argument. The Iowa Supreme Court has considered *Montgomery's* holding on *Heemstra* and found it inapplicable, as "*Heemstra* did not create a new substantive rule of constitutional dimension." *Nguyen v. State*, 878 N.W.2d 744, 753 n.4 (Iowa 2016). Additionally, "[t]his court has already

determined *Welch* neither requires retroactive application of *Heemstra* nor counts as a new 'ground of law' for purposes of the PCR statute of limitations." *Washburne v. State*, No. 18-1627, 2020 WL 1310278, at *1 (Iowa Ct. App. Mar. 18, 2020) (citing cases). Enderle has not established a new ground of law for which his untimely application should be excused.

Finally, even if Enderle's untimely application were to be considered, his arguments asserted in the instant PCR application were addressed in his initial PCR application. *Enderle*, 2014 WL 956018, at *1–5 (affirming dismissal of Enderle's initial application as "the federal and state constitutional provisions cited by Enderle do not mandate retroactive application of the substantive holding of *Heemstra*"); *see also Nguyen*, 878 N.W.2d at 759 (holding *Heemstra*'s prospective application "does not violate the due process, separation of powers, or equal protection clauses of the Iowa Constitution or the Equal Protections Clause of the United States Constitution"); *Goosman*, 764 N.W.2d at 545 (finding "the limitation of retroactivity announced in *Heemstra* to cases on direct appeal where the issue has been preserved did not violate federal due process" as the "change" in substantive state law did not "clarify" existing law but overruled prior authoritative precedent on the same substantive issue).

## IV.  Conclusion

We affirm the dismissal of Enderle's second PCR application as Enderle failed to assert a new ground of law that would excuse his untimely application.

**AFFIRMED.**