# IN THE COURT OF APPEALS OF IOWA

No. 23-0309
Filed July 3, 2024

**STEVEN DEAN MCGINNIS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marion County, Charles C. Sinnard,

Judge.

An applicant appeals dismissal of his application for postconviction relief.

**AFFIRMED.**

Ronald W. Kepford, Winterset, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.

Considered by Schumacher, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

In 2008, Steven McGinnis repeatedly shot fellow veteran Rob Ohl at close range with a shotgun, killing him. McGinnis's defense at trial was that he could not form specific intent to kill due to his mental-health conditions, including post-traumatic stress disorder (PTSD). A jury found McGinnis guilty of first-degree murder, and this court affirmed the conviction on direct appeal in early 2011. *State v. McGinnis*, No. 09-1730, 2011 WL 649674, at *4–8 (Iowa Ct. App. Feb. 23, 2011).

McGinnis first sought postconviction relief later in 2011, asserting among other claims that trial counsel was ineffective for not fully investigating his PTSD diagnosis. The postconviction court denied relief, and we affirmed in 2015. *McGinnis v. State*, No. 13-1924, 2015 WL 582089, at *1 (Iowa Ct. App. Feb. 11, 2015). We noted there was not a sufficient record to address McGinnis's appellate contention that postconviction counsel was ineffective for not asking an expert witness whether McGinnis could have formed the specific intent to kill. *Id.*

McGinnis filed his second application for postconviction relief in 2022, leading to this appeal. The county attorney moved to dismiss the application, arguing it was time-barred and sought to relitigate decided issues. *See* Iowa Code §§ 822.3, .8 (2022). McGinnis resisted and, through counsel, explained he was "asserting that the post-conviction relief counsel [from the first postconviction case] was ineffective for failing to seek an expert opinion as it relates to the mental health issues." The postconviction court ruled McGinnis's application was time-barred because McGinnis did not plead sufficient facts to establish a new ground of fact that would allow him to bypass the statute of limitations.

McGinnis appeals, and we review the application of chapter 822's statute of limitations for correction of errors at law. *See Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). "A party claiming an exception to a normal limitations period must plead and prove the exception." *Cornell v. State*, 529 N.W.2d 606, 610 (Iowa Ct. App. 1994). An exception to the three-year postconviction limitations period is "a ground of fact . . . that could not have been raised within the applicable time period." Iowa Code § 822.3.

On this record, even if our review of the pleadings includes filings beyond the application for postconviction relief, all we have are McGinnis's vague assertions that "he has recently been diagnosed with several mental health disorders which plague him in his day-to-day decision making." He has not pled any facts that establish he could not have raised this claim earlier in the proceedings, nor is there any indication these mental-health conditions both existed at the time of trial and differ from the PTSD already extensively litigated at trial, on direct appeal, and in previous postconviction proceedings. At minimum, McGinnis had to plead at least some evidence that would let a reasonable fact-finder conclude his claim involved a new ground of fact that could not have been discovered within the limitations period, and his failure to do so warranted dismissal. *See Gillam v. State*, No. 13-0359, 2014 WL 468022, at *2 (Iowa Ct. App. Feb. 5, 2014) (coming to the same conclusion on similar facts).

**AFFIRMED.**