# IN THE COURT OF APPEALS OF IOWA

No. 23-2053
Filed August 21, 2024

**BERLOU JOE BARNARD,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Jasper County, Charles C. Sinnard,

Judge.

      An applicant appeals the dismissal of his application for postconviction

relief. **AFFIRMED.**

      Daniel M. Northfield, Urbandale, for appellant.

      Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant

Attorney General, for appellee State.

      Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

Berlou Barnard appeals the dismissal of his application for postconviction relief, filed six months past the three-year statute of limitations codified at Iowa Code section 822.3 (2023). The postconviction court found Barnard had not adequately pled any exception to the statute of limitations, such as newly discovered evidence. We affirm.

A Jasper County jury found Barnard guilty of four counts of sexual abuse in the second degree, class "B" felonies in violation of Iowa Code section 709.3(1)(b) (2018), for offenses against his granddaughter; and one count of obstructing prosecution for destroying evidence related to those offenses, an aggravated misdemeanor in violation of section 719.3. This court affirmed his convictions on direct appeal. *See State v. Barnard*, No. 18-0757, 2019 WL 5792578, at *4, *6 (Iowa Ct. App. Nov. 6, 2019) (rejecting evidentiary challenges concerning the forensic interview and what Barnard claimed was a prior false allegation). Procedendo issued on February 4, 2020.

More than three years later—on August 14, 2023—Barnard applied for postconviction relief, asserting among other claims "actual innocence" and "newly discovered evidence." The application did not offer any specific facts on either issue, nor was it supported by affidavits or attachments. The State moved to dismiss the application as time-barred. Barnard amended his application but still did not offer any details.

At a hearing on the State's motion, Barnard's counsel offered no evidence and declined to elaborate beyond what the postconviction court called the application's "generic allegation that there is new evidence"—except to say the

new evidence "relates to testimony of the victim from trial." The court found Barnard offered "[n]othing of substance that could support an actionable claim" and instead "ma[d]e general and vague allegations to buy time to engage in a fishing expedition." The court concluded the statute of limitations barred the application and dismissed it.

Barnard appeals, and we review the application of chapter 822's time bar for correction of errors at law. *See Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). "A party claiming an exception to a normal limitations period must plead and prove the exception." *Cornell v. State*, 529 N.W.2d 606, 610 (Iowa Ct. App. 1994). Even claims of actual innocence must satisfy the statute of limitations or an exception (like newly discovered evidence). *See Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020).

We agree with the postconviction court that Barnard's claim was barred by the statute of limitations and that he failed to adequately plead any exception. As we have said before, "At minimum, [a postconviction applicant] ha[s] to plead at least some evidence that would let a reasonable fact-finder conclude his claim involved a new ground of fact that could not have been discovered within the limitations period, and . . . failure to do so warrant[s] dismissal." *McGinnis v. State*, No. 23-0309, 2024 WL 3291805, at *1 (Iowa Ct. App. July 3, 2024). In other words, a generic allegation of newly discovered evidence is not enough to survive a motion to dismiss in postconviction proceedings. Since Barnard relies solely on such a generic allegation, the postconviction court correctly dismissed his application.

**AFFIRMED.**