# IN THE COURT OF APPEALS OF IOWA

No. 24-0599
Filed August 20, 2025


**MICHAEL EARL HILSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.


An applicant appeals the dismissal of his fourth application for postconviction relief.  **AFFIRMED.**


James S. Blackburn, Des Moines, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee State.


Considered without oral argument by Schumacher, P.J., Sandy, J., and Bower, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**SANDY, Judge.**

Michael Earl Hilson appeals the dismissal of his fourth application for postconviction relief (PCR). He argues the district court erred by not considering the document he had with him and referred to at the virtual hearing because it would have allowed him to bypass the time bar under Iowa Code section 822.3 (2023). We affirm.

## I. Background Facts and Procedural Posture

Michael Earl Hilson was convicted by jury verdict on April 16, 2010, for first-degree burglary and third-degree sexual abuse stemming from an incident that occurred in September 2006. The victim, T.B., called 911 to report she had been raped. Responding law enforcement found her visibly distraught and physically injured. She was transported to a hospital where a sexual assault examination was conducted and a rape kit prepared. T.B. died in a car accident later that year.

The rape kit remained untested for nearly two years before it was submitted to the Iowa Division of Criminal Investigation in 2008. DNA testing ultimately led authorities to Hilson, who denied knowing T.B. or being present at the scene. Nevertheless, the DNA profile from the rape kit matched Hilson's, and he was subsequently charged and convicted. We affirmed his convictions in 2013, *see State v. Hilson*, No. 10-0665, 2013 WL 541621, at *1 (Iowa Ct. App. Feb. 13, 2013), and procedendo issued March 15, 2013.

Hilson has since filed four PCR applications. His first application, filed in July 2013, alleged ineffective assistance of trial counsel—specifically, the adequacy of DNA testing and lack of expert consultation. The application was denied. The court noted that multiple labs had independently confirmed the DNA

match to Hilson, and we affirmed, finding no prejudice resulted from counsel's strategy. *See Hilson v. State*, No. 15-0679, 2016 WL 6652329, at *3 (Iowa Ct. App. Nov. 9, 2016).

Hilson filed a second PCR application in 2017, asserting newly discovered evidence in the form of a "Call to Service Report" related to the original 911 call. We found this qualified as a new ground of fact but ultimately affirmed denial of relief on the basis that the evidence would not have altered the trial outcome. *See Hilson v. State*, No. 18-2189, 2020 WL 2060300, at *4 (Iowa Ct. App. April 29, 2020).

In 2021, Hilson initiated a third PCR proceeding, again raising claims of newly discovered evidence, actual innocence, and ineffective assistance of counsel. The district court dismissed the application as untimely under Iowa Code section 822.3, and we affirmed, finding that the claims could have been raised earlier. *See Hilson v. State*, No. 21-1625, 2022 WL 17829369, at *1 (Iowa Ct. App. Dec. 21, 2022).

Hilson's fourth PCR application, filed on July 26, 2023, came more than a decade after his direct appeal. In his fourth PCR application, Hilson alleged that the rape kit used at trial was not the one created during T.B.'s 2006 examination but had instead been fraudulently substituted with DNA from a different kit. He also claimed that reports had been falsified by law enforcement and that handwriting analysis could confirm this. The application did not include any supporting documents, and Hilson acknowledged he was not yet in possession of the evidence he referenced.

The district court granted the State's motion to dismiss, finding Hilson's claims speculative and unsupported by factual detail. The court noted Hilson failed to identify the new evidence, when it was created, who prepared it, how it connected to his conviction, or why it could not have been discovered earlier. The court concluded that Hilson's application amounted to a fishing expedition and gave him forty-five days to amend the pleading.

Hilson timely filed an amended application in January 2024, reiterating many of his prior claims and referencing a hospital record that he claimed demonstrated a rape kit was not used in the 2006 incident. At the March hearing on the State's renewed motion to dismiss, Hilson appeared pro se and referenced this document, but he did not submit it into evidence or describe it in a manner that established it could not have been previously discovered. The district court again dismissed the application, finding that Hilson failed to cure the previously identified defects and merely repackaged prior arguments. A subsequent motion to enlarge was denied as untimely.

Hilson filed a notice of appeal on April 15, challenging both the dismissal and the district court's failure to consider the document he referenced at the hearing. He contends this evidence demonstrates that no rape kit was administered during the 2006 examination and that the DNA evidence presented at trial was improperly sourced.

## II. Standard of Review

Postconviction relief proceedings are ordinarily reviewed for errors at law. *See Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). This standard applies to the dismissal of a postconviction case on statute of limitations grounds. *Id*.

at 519–20. To the extent the applicant raises a constitutional claim of actual innocence, review is de novo. *See Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019).

### III. Analysis

To avoid dismissal on timeliness grounds, an applicant must plead and prove that a statutory exception to the three-year limitation under Iowa Code section 822.3 applies—such as a newly discovered ground of fact that could not have been raised earlier. *See Schmidt v. State*, 909 N.W.2d 778, 798–99 (Iowa 2018); *Cornell v. State*, 529 N.W.2d 606, 610 (Iowa Ct. App. 1994). Failure to sufficiently plead why such evidence could not have been discovered previously is fatal to the claim. *See Schmidt*, 909 N.W.2d at 799.

Hilson argues the district court erred by not considering the document he purportedly had with him and referenced at the remote hearing in support of his amended PCR application. In an earlier ruling, the district court indicated that it was inclined to dismiss Hilson's application pursuant to Iowa Code section 822.6(2). Instead, it allowed Hilson one last opportunity to amend his pleadings to provide more than mere conclusory allegations of the newly discovered evidence. He did not do that. And the district court was under no obligation to move for the admittance of documents nor file them on his behalf. Rather, it was incumbent on Hilson to have moved for admittance of any documents or exhibits. He did not do that.

As the district court stated:

> The materials that the petitioner relied upon in his supplemental application and his arguments in the present hearing offer nothing new beyond what has already been found inadequate in not only the

petitioner's prior postconviction actions, but also the earlier ruling in the present case that suggested that dismissal was appropriate. All the defendant has done is to repackage the arguments that have already been found to be lacking. There being nothing new to justify what is otherwise a late-filed claim, dismissal is now appropriate.

We agree with the district court's analysis. Because Hilson failed to show the existence of new ground of fact that is relevant to his convictions that could not have been raised during the period set forth in section 822.3, we affirm the order dismissing his fourth PCR application.[1]

**AFFIRMED.**

---

[1] We acknowledge that we have not addressed the State's argument relative to the "prison mailbox rule" pertaining to the timeliness of Hilson's filings. *See, e.g.*, *Moore v. U.S.*, 173 F.3d 1131, 1135 (8th Cir. 1999). However, we note that rules 1.442(2) and (4) are predicated on timely service and operate independently of the prison mailbox rule. Because neither party briefed (nor did the district court consider) rules' 1.442(2) and (4) impact on the prison mailbox rule and because the prison mailbox rule is an issue of first impression, we leave for another day resolution of those matters.