# IN THE COURT OF APPEALS OF IOWA

No. 20-1421
Filed March 2, 2022

**MOHAMED HASSAN ALI,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for O'Brien County, Charles Borth, Judge.

Mohamed Hassan Ali appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BADDING, Judge.**

To avoid being deported to Somalia, Mohamed Hassan Ali filed an application for postconviction relief seeking to set aside a March 2003 conviction for possession of a controlled substance, a serious misdemeanor.  *See* Iowa Code § 124.401(5) (2002).  Ali claims his trial counsel failed to inform him about the immigration consequences of pleading guilty to that offense.  The district court summarily disposed of Ali's application as time-barred under Iowa Code section 822.3 (2020).  We affirm.

*I.      Background Facts and Proceedings*

On March 17, 2003, Ali filed a written guilty plea to possession of a controlled substance.  On the same day Ali's guilty plea was filed, the district court sentenced Ali to a fine and applicable surcharges.  There is nothing in the record to indicate the court addressed Ali in open court[1] to inform him of and determine his understanding that "a criminal conviction . . . may affect a defendant's status under federal immigration laws," as required by then Iowa Rule of Criminal Procedure 2.8(2)(b)(3), or that Ali approved waiver of such procedure, as authorized by rule 2.8(2)(b)(5) when the offense is a serious misdemeanor.[2]  Ali did not appeal.

More than ten years later, on August 14, 2013, Ali filed a pro se "Petition to Reduce Sentence" in the criminal case.  The pleading stated that Ali was "currently

---

[1] The judgment entry noted Ali appeared "by his written guilty plea."

[2] Rule 2.8(2)(b) was amended in late 2004, after Ali entered his plea, to provide: "If the above procedures are waived . . . , the defendant shall sign a written document that includes a statement that conviction of a crime may result in the defendant's deportation or other adverse immigration consequences if the defendant is not a United States citizen."

[being] detained by the ICE Immigration Custom and Enforcement due to" his guilty plea to possession of a controlled substance. Believing he had been sentenced to "365 days suspended jail time," Ali asked to "reduce the [s]entence only one day" to avoid deportation. In support of that request, Ali alleged that he "was not advised by counsel that he could face a problem with Immigration Services based on his plea[], or that his Immigration Status would be [j]eopardize[d]." The district court treated Ali's filing as an application for postconviction relief, noted he had not been sentenced to jail, and dismissed the application as untimely under Iowa Code section 822.3 (2013). Once again, Ali did not appeal this adverse ruling.

Still subject to deportation proceedings, Ali tried again in December 2019 to wipe the drug conviction off his record. Using a pro se "motion to vacate" form from the Florida court system where he was being detained, Ali alleged his guilty plea was not voluntary because his "attorney failed to correctly advise the defendant of the consequences of the ensuing immigration (I.C.E.) action." The district court denied this motion on the same day it was filed, summarily stating it was "both untimely and without merit."

Ali's current attempt to set aside his conviction began on April 20, 2020, with the filing of an application for postconviction relief. This time, he requested the assistance of counsel. The district court granted his request, after which Ali's counsel filed an amended application. Like Ali's past pro se filings, the amended application alleged that trial counsel did not advise Ali "of the immigration consequences prior to entering his guilty plea." In resistance to the State's motion to summarily dispose of the application as untimely, Ali noted a removal order was first entered on November 19, 2013. But he asserted the claim could not have

been raised "until after the immigration removal proceedings became final" in December 2019, thus making his application timely.

The district court disagreed, reasoning that Ali's

> removal was first ordered by the Immigration Court on November 19, 2013. Even if the court were to accept [Ali's] argument that his removal from the country by immigration authorities was a "ground of fact or law that could not have been raised within the applicable time period," then the best-case scenario for [Ali] would still have the statute of limitations expiring on November 19, 2016. He was undoubtedly aware of the immigration consequences upon entry of the Immigration Court's November 19, 2013 removal order. The court nonetheless concludes that the statute of limitations actually expired even earlier on March 18, 2006, long before the Immigration Court's involvement. . . . The immigration consequences of his plea were already in existence . . . during the three-year limitations period. A claim of "lack of knowledge" is not provided as a ground for exception from the effects of the statutes of limitations.

The court accordingly granted the State's motion for summary disposition. Ali appeals.[3]

## II. Scope and Standards of Review

A district court's decision dismissing a postconviction-relief application as untimely is reviewed for the correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). To the extent any constitutional violations are raised, our review is de novo. *Id.*

---

[3] Many of the claims Ali makes on appeal were not raised in or decided by the district court. To get around this error-preservation problem, *see Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002), Ali asserts his postconviction counsel was ineffective. Because we find the claims Ali raises on appeal are without merit, we find no breach of duty on the part of postconviction counsel. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

### III.    Analysis

Iowa Code section 822.3 (2020) contains the statute of limitations for postconviction-relief actions, requiring them to "be filed within three years from the date the conviction or sentence is final or, in the event of an appeal, from the date the writ of procedendo is issued." Ali concedes that his April 20, 2020 application was filed outside of this deadline. But he offers several reasons why that should not matter.

Building his argument like a wobbly Jenga tower, Ali first claims that "his application meets the escape hatch of section 822.3," which provides that its limitation period "does not apply to a ground of fact . . . that could not have been raised within the applicable time period." Ali argues the ground of fact that could not have been raised within the applicable time period was "the adverse immigration consequences of his guilty plea." Realizing that he was at least aware of those consequences by 2013, Ali then asserts his current application should "relate back" to his August 2013 petition to reduce his sentence because he was denied his constitutional right to counsel in that proceeding. If that claim is rejected, Ali argues we "should apply the doctrine of equitable tolling and find his application timely." To succeed with each of these claims, Ali would have us overrule longstanding precedent. And even then, his tower would fall.

Ali's first claim—that lack of knowledge of immigration consequences qualifies as a new ground of fact under section 822.3—was rejected by this court in *Lopez-Penaloza v. State*, 804 N.W.2d 537, 542 (Iowa 2011). We reasoned that because such consequences "were in existence during the three-year period of section 822.3" and "available to be addressed then," they could not qualify as a

new ground of fact. *Lopez-Penaloza*, 804 N.W.2d at 542. We further noted a "claimed lack of knowledge 'is not provided as a ground for exception from the effects of the statute of limitations.'" *Id.* (quoting *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989)); *accord Ibrahim v. State*, No. 13-1049, 2013 WL 1714493, at *1 (Iowa Ct. App. Apr. 30, 2014); *Fuentes v. State*, No. 12-0909, 2013 WL 1453013, at *2 (Iowa Ct. App. Apr. 10, 2013).

Ali argues *Lopez-Penaloza* should be overruled because the "Iowa Supreme Court has consistently held that any claim not properly raised on direct appeal may not be litigated in a postconviction relief action unless sufficient reason or cause is shown," which Ali asserts includes a "factual or legal matter that was excusably unknown at the time of trial and appeal." The underpinnings of this argument come from section 822.8,[4] which is a rule of error preservation that our supreme court has recognized is "not coextensive" with the statute of limitations in section 822.3. *Dible v. State*, 557 N.W.2d 881, 885 (Iowa 1996), *abrogated in part on other grounds by Harrington*, 659 N.W.2d at 520. Unlike section 822.8, which allows claims to be raised that "for sufficient reason" were not asserted earlier, section 822.3 applies to "claims that 'could not' have been previously raised because they were not available," like newly discovered evidence. *See Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994).

While Ali may not have known about the deportation consequences of his drug conviction, he knew that he was a non-citizen when he pled guilty in 2003.

---

[4] Section 822.8 requires that all grounds for relief "must be raised in the applicant's original, supplemental or amended application" for postconviction relief "unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

Armed with this knowledge, Ali should have at least been alerted to the potential claim before it expired. *See Cornell v. State*, 529 N.W.2d 606, 611 (Iowa Ct. App. 1994) (noting the "focus of our inquiry" under the ground-of-fact exception in section 822.3 is "whether the applicant was or should have been 'alerted' to the potential claim before the limitation period expired"). And even if we accepted Ali's invitation to overrule *Lopez-Penaloza*, his claim would still be untimely. Ali was aware of the immigration consequences of his guilty plea as early as August 14, 2013, when he filed his petition to reduce his sentence. We know this because in that filing, Ali stated he was "currently detained by the ICE Immigration Custom and Enforcement due to" his 2003 drug conviction. If we use that date as our starting point, the statute of limitations on Ali's claim ran out on August 14, 2016.

To avoid this result, Ali asserts his "current postconviction application should relate back to his prior filing in 2013 because of the district court's effective denial of Ali's statutory and constitutional rights." But the United States Supreme Court and our supreme court "have repeatedly stated there is no constitutional right to counsel in postconviction cases." *Hrbek v. State*, 958 N.W.2d 779, 787 (Iowa 2021). Yet Ali argues that we should recognize a constitutional right to counsel in postconviction cases because section 814.7 now prohibits criminal defendants from bringing ineffective-assistance claims on direct appeal.

We reject Ali's request to recognize a constitutional right to counsel in postconviction cases first because "[w]e are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). And second because section 814.7 was not effective until July 1, 2019. Before then, as Ali recognizes, "section 814.7 gave defendants the option

of litigating their ineffective-assistance-of-counsel claims either on direct appeal or in postconviction." So when Ali's conviction was final in 2003, he could have raised an ineffective-assistance-of-counsel claim on direct appeal.

As far as Ali's statutory right to counsel, *see* Iowa Code § 822.5, he did not request that counsel be appointed or claim that he was indigent when he filed the 2013 petition to reduce his sentence. Ali provides no authority for his offhand mention that "the district court did not inquire as to whether Ali wanted or needed the assistance of counsel." *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also Wise v. State*, 708 N.W.2d 66, 69 (Iowa 2006) (stating "that 'an attorney need not *always* be appointed to represent an indigent postconviction applicant'" (citation omitted)).

In any event, the relation-back doctrine in the postconviction context has only been applied in a very narrow manner by our supreme court in *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), which held

> that where a [postconviction-relief] petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive [postconviction-relief] petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the second [postconviction-relief] petition relates back to the timing of the filing of the original [postconviction-relief] petition for purposes of Iowa Code section 822.3 if the successive [postconviction-relief] petition is filed promptly after the conclusion of the first [postconviction-relief] petition.

Ali's 2020 application for postconviction relief was clearly not filed promptly after the 2013 petition he is trying to revive. And he cannot claim postconviction counsel was ineffective because he was not represented by an attorney in the 2013

proceedings. So the limited relation-back doctrine recognized by our court in *Allison*, a decision which may have been abrogated by the legislature in 2019,[5] does not apply to Ali.

Ali is left with his claim that he should be "able to pursue his postconviction claim under the doctrine of equitable tolling." But this may be the shakiest argument of all because, as Ali acknowledges, our court "has stated that Iowa law has never before applied the doctrine to the statute of limitations for postconviction actions under Iowa Code section 822.3." *See, e.g.*, *James v. State*, 858 N.W.2d 32, 33 (Iowa Ct. App. 2014). We are not willing to do so now.

In the end, Ali's application for postconviction relief was simply untimely under section 822.3. We affirm summary disposition.

**AFFIRMED.**

---

[5] The legislature amended section 822.3 in 2019 to add the following statement: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such a claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3); *see Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (noting "[t]his amendment appears to abrogate *Allison*").